[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-17228

_____

D. C. Docket No. 02-21125-CV-FAM

SME RACKS, INC., a Florida corporation,
VALTEC INFORMATION SYSTEMS, INC.,
a Florida corporation,

Plaintiffs-Appellants,

versus

SISTEMAS MECANICOS PARA, ELECTRONICA, S.A.,
a Spanish company,
CARMELO GARCIA APARICIO, S.A., SME, S.A.,
a Spanish company, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 5, 2007)**

Before CARNES and WILSON, Circuit Judges, and STAGG,[*] District Judge.

PER CURIAM:

SME Racks, Inc. and Valtec Information Systems, Inc. appeal the district court's denial of a pre-litigation, asset-freezing preliminary injunction. We review the district court's decision under an abuse of discretion standard. See Mitsubishi Int'l Corp v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1517 (11th Cir. 1994). However, no discretion is afforded the district court's legal determinations. See Levi Strauss & Co. v. Sunrise Int'l Trading, Inc., 51 F.3d 982, 985 (11th Cir. 1995).

On appeal, the Appellants argue that the district court had "equitable powers" to grant an injunction and that the court erred in refusing to invoke such powers. Essentially, the Appellants maintain that they are automatically entitled to an injunction solely by virtue of the equitable relief they seek, irrespective of the legal principles that are considered in making such a determination. We find the Appellants' arguments lack merit.

It is well-settled that "equitable relief is available only in the absence of an adequate remedy at law." See Mitsubishi, 14 F.3d at 1518; Deckert v.

[*] Honorable Tom Stagg, United States District Judge for the Western District of Louisiana, sitting by designation.

2

Independence Shares Corp., 311 U.S. 282, 289, 61 S.Ct. 229, 233 (1940) ("That a suit to rescind a contract induced by fraud and to recover the consideration paid may be maintained in equity, *at least where there are circumstances making the legal remedy inadequate*, is well established.") (emphasis added). The critical question is whether there exists an adequate remedy at law, not whether the moving party prefers one remedy to another. See Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1531 (11th Cir. 1994) (instructing that the "test of the inadequacy of a remedy at law is whether a judgment could be obtained, not whether, once obtained it will be collectible.") (internal marks omitted). Here, the district court properly determined that there are various forms of alternative relief available to the Appellants, namely damages for breach of contract. Indeed, breach of contract damages would more adequately compensate the Appellants for their losses, as opposed to the likely remedy the Appellants would receive for rescission of the contract. In sum, nothing in the record suggests that the existing legal remedies would insufficiently vindicate the Appellants' rights.

The district court's decision is further bolstered by our conclusion that the Appellants have failed to satisfy the prerequisites for a preliminary injunction. A preliminary injunction is "an extraordinary and drastic remedy" that cannot be granted unless the moving party clearly proves: (1) a substantial likelihood of

3

success on the merits, (2) irreparable injury unless the injunction is granted, (3) the threatened injury to the moving party outweighs the damage the injunction may cause to the opposing party, and (4) the injunction would not be adverse to the public interest. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). The Appellants simply cannot establish irreparable injury under the facts presented.

Irreparable injury "must be neither remote nor speculative, but actual and imminent." Id. at 1176 (internal marks omitted). Moreover, if an injury can be "undone through monetary remedies," it is not irreparable. Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990).

> The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Id. (quoting Sampson v. Murray, 415 U.S. 61, 90, 94 S.Ct. 937, 953 (1974)); see also BellSouth Telecomm., Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964, 970 (11th Cir. 2005) (stating that "[e]conomic losses alone do not justify a preliminary injunction"). The Appellants argue only about the *prospect* of depletion of the Appellees' assets. However, prospective harm, by itself,

4

clearly does not meet the test of imminence. Further, whatever harm the Appellants *may* suffer can be remedied by monetary damages. We therefore find the district court did not abuse its discretion in denying the preliminary injunction.

Finally, the Appellants unconvincingly argue that the district court failed to comply with Federal Rule of Civil Procedure 52(a), which provides in pertinent part that "in granting or refusing interlocutory injunctions the court shall . . . set forth the findings of fact and conclusions of law which constitute the grounds of its action." Fed. R. Civ. P. 52(a). We disagree with the Appellants' contentions, concluding that the factual and legal findings assigned in the district court's oral decision at the Conflict of Laws Hearing are sufficient to allow us to discern the basis for the court's decision.

**AFFIRMED.**