**John S. VIRGA, D.C., P.A., a/a/o Horace Phillips, on behalf of itself and all others similarly situated, Plaintiff,**

**v.**

**PROGRESSIVE AMERICAN INSURANCE COMPANY, Defendant.**

**Case No. 16–cv–60329–BLOOM/Valle**

United States District Court, S.D. Florida.

Signed June 28, 2016

Filed June 29, 2016

Kimberly A. Driggers, Driggers Law, P.A., Tallahassee, FL, Edward Herbert Zebersky, Todd S. Payne, Zebersky & Payne, LLP, Mark S. Fistos, Steven R. Jaffe, Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L., Fort Lauderdale, FL, Jay Martin Klitzner, Plantation, FL, for Plaintiff.

Marcy Levine Aldrich, Ross Elliot Linzer, Bryan Thomas West, Akerman LLP, Miami, FL, for Defendant.

## ORDER

BETH BLOOM, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** is before the Court upon Defendant Progressive American Insurance Company's ("Defendant" or "Progressive") Motion to Dismiss, ECF No. [27] (the "Motion"), Plaintiff John S. Virga's ("Plaintiff" or "Virga") First Amended Complaint, ECF No. [16] (the operative "Complaint"), in its entirety, filed on May 9, 2016. The Court also addresses the Defendant's Motion to Stay Discovery Pending Motion to Dismiss or, in the Alternative, to Bifurcate Discovery, ECF No. [35] ("Discovery Motion"). Plaintiff initiated this action on January 13, 2016, seeking declaratory relief for the stated class (Count I) and damages for breach of contract for the individual Plaintiff (Count II). Compl. at 23, 26. The Court has carefully reviewed the Motions, all supporting and opposing submissions, the record, and applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part, and the Discovery Motion is denied.

### I. Background

Plaintiff is a healthcare provider that treated Horace Phillips ("Mr. Phillips") for injuries sustained in an automobile accident on or about November 20, 2014. *Id.* ¶¶ 47, 49. Mr. Phillips was insured by the Defendant and, in exchange for medically

necessary services, assigned the benefits of his insurance policy to the Plaintiff. *Id.* ¶ 48–49. The subject policy provides personal injury protection ("PIP") coverage as required by Florida Statute section 627.736 (2013).[1] *Id.* ¶ 48. When Plaintiff submitted a claim to Defendant, however, it was reimbursed for less than the amount billed. *Id.* ¶ 50. The instant controversy arises from Plaintiff's allegations that the Defendant miscalculated the reimbursement, because Defendant's policy does not clearly and unambiguously elect which statutorily approved method it will use to calculate what is "reasonable," as required by section 627.736(5)(a)(5). *Id.* ¶ 53. In addition, Plaintiff alleges the Defendant applied a statutorily prohibited reimbursement limitation, known as the Medicare Multiple Payment Procedure Reduction ("MPPR") rule. *Id.* ¶ 54. As a result, Plaintiff alleges that Defendant breached its contract and violated Florida law. *Id.* ¶ 53–54. The instant Motion seeks to dismiss the Complaint for failure to state a claim. Motion at 1.

## II. Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlaw-

fully-harmed-me accusation"). Nor can a complaint rest on " 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955 (alteration in original))." To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). Although the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss … the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

## III. Discussion

As noted, Plaintiff brings two counts, a class claim for declaratory relief and an individual claim for breach of contract, which it maintains are sufficient to proceed to discovery. Defendant, on the other hand, argues that dismissal is warranted as to both counts. The proper course lies in the middle.

---

1. The Court cites the iteration of the statute in effect at the time that the instant injury occurred. The statute has since been amended; nevertheless, no modifications were made that are relevant to this case.

## A. Count I—Class Claim for Declaratory Relief

Florida Statute section 627.736(10)(a) requires that an aggrieved party provide a demand letter to the insurer before filing "any action for benefits." Class-wide compliance with this requirement is nearly impossible at this stage, since the Plaintiff is unable to identify every member of the class. Plaintiff argues, regardless, that this requirement does not apply to its class claim at all, because it is not an action for benefits. *See* Plaintiff's Response, ECF No. [32] (the "Response"), at 27. Instead, Virga insists that the claim "merely seek[s] declaratory relief and seeks no monetary damages[.]" *Id.* Accordingly, Plaintiff seeks an order "declaring that Class Members are entitled to an adjustment and order[ing] Defendant to adjust their claims." Compl. at 24. But, the Court is skeptical.

Such an order would, as the Plaintiff requests, "entitle" the class members to collect the adjusted PIP benefits. The Court finds *South Florida Wellness, Inc. v. Allstate Insurance Co.*, 745 F.3d 1312 (11th Cir. 2014), instructive on this point. In *Wellness*, a healthcare provider sought a declaration on behalf of a class that Allstate's policy did not comply with Florida law because it was ambiguous and, as a result, provided miscalculated reimbursements to class members. *Id.* at 1314. When Allstate removed the case to federal court, the provider argued that removal was improper for failure to meet the jurisdictional amount in controversy requirement—as a declaratory judgment offered nothing of value to the class members. *Id.* at 1314–15. The Eleventh Circuit rejected the provider's argument, reasoning that, "[a] declaratory judgment would establish that Allstate provided members of the putative class with insufficient payment on bills that have already been incurred, and it would give those class members a right to receive additional payment." *Id.* at 1318, n. 3.[2]

In contrast, Plaintiff directs the Court to *Bristol West Insurance Co. v. MD Readers, Inc.*, 52 So.3d 48, 51 (Fla. 4th DCA 2010), decided four years before *Wellness*. In that case, the Florida appellate court allowed a similar class claim for a declaratory action to move forward without a demand letter. However, in *Bristol*, the court hinged its decision on the fact that "not one member of the class can collect based upon th[e] declaration," because "any subsequently-filed cause of action for benefits due ... would be barred by relevant statutes of limitation." *Id.* at 51 (holding that "because the declaratory judgment seeks no damages whatsoever, it is not an 'action for benefits'"). So, unlike the case presented here, in *Bristol*, no actual benefits were at stake.

 Ultimately, whether or not Plaintiff's request for an order "declaring that Class Members are entitled to an adjustment and order[ing] Defendant to adjust their claims," is essentially a claim for benefits, the Court need not determine. It is axiomatic that "equitable relief is available only in the absence of an adequate remedy at law." *SME Racks, Inc., v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 Fed.Appx. 502, 503 (11th Cir. 2007). "Here, there is an adequate legal remedy—damages for breach of contract." *Central Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mutual Auto. Ins. Co.*, 789 F.Supp.2d 1311, 1318 (S.D. Fla. 2011). Accordingly, "[d]eclaratory relief is not available where the issue is whether an unambiguous contract has

2. Yet, the court also acknowledged that claimants may have to "take an extra step or two before collecting money" from the insurer. *Id.* at 1316–17.

been breached." *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.,* 755 F.Supp.2d 1205, 1210 (M.D. Fla. 2010) (determining declaratory judgment was unavailable in a similar case challenging whether the amount calculated by insurer was reasonable). Neither side disputes that a contract governs the instant action and, for that simple reason alone, the class claim for declaratory relief must be dismissed.[3] "Finally, to the extent [that] Plaintiff is concerned about future wrongdoing by [Progressive], a determination in this case that applying the [MPPR] is improper, costing [Defendant] money and setting precedent, will protect future claimants." *Central Magnetic Imaging,* 789 F.Supp.2d at 1318.

### B. Count II—Breach of Contract

The parties dispute two issues relevant to Count II, namely whether Progressive's insurance policy provided proper notice and whether the MPPR constitutes a payment methodology or a utilization limit. The Court addresses each issue in turn.

### i. Notice

Florida Statute section 627.736(1)(a) requires insurers to pay 80% of "all reasonable expenses for medically necessary" services. Insurers have two options at their disposal to determine what is "reasonable": the default "fact-based" method of weighing the various factors listed in section 627.736(5)(a), or the schedule of maximum charges under section 627.736(5)(a)(1)(a through f). Under section 627.736(5)(a)(2), the insurer must use the greater of either the current year Medicare Part B fee schedule or the fee schedule for 2007. Effectively, then, the statute sets a floor at the 2007 fee schedule. To utilize the fee schedule, the insurer must provide notice to the insured and health-care providers through its policy. Fla. Stat. § 627.736(5)(a)(5); *see also Geico Gen. Ins. Co. v. Virtual Imaging Services, Inc.,* 141 So.3d 147, 160 (Fla. 2013).

Virga asserts that Progressive has breached the insurance policy by utilizing the fee schedule and the MPPR without providing notice. *See* Compl. ¶¶ 100–01. Defendant counters that the policy clearly provides notice. *See* Motion at 11. To state a claim for breach of contract, a plaintiff must allege: "(1) a valid contract; (2) a material breach; and (3) damages." *Brown v. Capital One Bank (USA), N.A.,* No. 15–60590–CIV, 2015 WL 5584697, at *3 (S.D. Fla. Sept. 22, 2015) (quoting *Int'l Star Registry of Illinois v. Omnipoint Mktg., LLC,* 510 F.Supp.2d 1015, 1022 (S.D. Fla. 2007)). "When interpreting an insurance contract," this Court is "bound by the plain meaning of the contract's text." *Virtual,* 141 So.3d at 157 (citing *State Farm Mut. Auto. Ins. Co. v. Menendez,* 70 So.3d 566, 569 (Fla. 2011)). "If the language used in an insurance policy is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning of the language used so as to give effect to the policy as it was written." *Id.*

Here, no construction of the facts alleged supports Plaintiff's claim that Progressive did not provide notice of its intent to use the fee schedule and MPPR. *See Dye v. United Services Auto. Ass'n,* 89 F.Supp.3d 1332, 1336 (S.D. Fla. 2015) ("[A] claim must fail if no construction of the factual allegations will support a cause of action.") (internal quotation marks omitted). Plaintiff attempts to paint the policy as "ambiguous" by arguing that the policy refers to both the fact-based method of calculation and the fee schedule. Compl. ¶ 36. For this reason, Virga contends that

---

**3.** In light of the Court's dismissal of the class claim, the Court does not reach class certification and the Rule 23 issue addressed by the parties in their pleadings.

the Defendant "does not clearly and unambiguously elect the reasonableness or permissive fee schedule payment methodology" and, instead, "creates a hybrid or third option allowing it to cap payments it deems 'unreasonable' by the permissive fee schedules and then use an almost limitless list of CMS reimbursement limitations and methodologies[.]" *Id.* ¶ 39. Defendant's policy states in relevant part:

> We will determine to be unreasonable any charges incurred that exceed the maximum charges set forth in [§ 627.736(5)(a)(1)(a through f) ] ... we will limit reimbursement to, and pay no more than, 80 percent of the following schedule of maximum charges:
>
> ...
>
> f. for all other medical services, supplies and care, 200 percent of the allowable amount under the participating physicians fee schedule of Medicare Part B[.]
>
> ...
>
> In determining the appropriate reimbursement under the applicable Medicare fee schedule, ... charges ... will be subject to the Center for Medicare Services (CMS) coding policies and payment methodologies, including applicable modifiers. The CMS policies include, but are not limited to: ... Multiple Procedure Payment Reduction (MPPR)[.]"

*Id.* at 10 (quoting ECF No. [14–1] ("Policy") at 19–20).

Plaintiff's assertion that the policy refers to the fact-based method seems to be limited to the policy's definition of "medical benefits" as "80 percent of *all reasonable expenses* incurred for **medically nec-**

essary ... services." *Id.* ¶ 36 (quoting Policy at 15) (alterations adopted). However, this language does not "ostensibly refer[ ] to the reasonableness, fact-based method," as Plaintiff asserts. *Id.* This language merely states the Defendant's statutory obligation to pay "eighty percent of all reasonable expenses for medically necessary" services. Fla. Stat. § 627.736(1)(a). The policy then goes on to detail the manner in which Progressive determines what qualifies as reasonable pursuant to section 627.736(1)(a). In so doing, the policy clearly states the Defendant will be using the schedule of maximum charges and CMS payment methodologies, including the MPPR. This plainly satisfies the notice requirement. *See Allstate Indemnity Co. v. Markley Chiropractic & Acupuncture, LLC,* — So.3d ——, ——, 2016 WL 1238533, at *2 (Fla. 2d DCA 2016) (finding that reference to the Florida Statute's payment limitations and fee schedules is sufficient to put the insured and providers on notice that the insurer has elected to use the schedule of maximum charges); *see also Allstate Fire and Casualty Ins. v. Stand–Up MRI of Tallahassee, P.A.,* 188 So.3d 1, 4 (Fla. 1st DCA 2015) (same).[4]

### ii. Application of the MPPR

■ Virga further argues that Defendant breached the contract at issue by using the MPPR in calculating reimbursements, as section 627.736(5)(a)(3) "does not allow the insurer to apply any limitation on the number of treatments or other utilization limits that apply under Medicare." The statute goes on to state, however, that "subparagraph 1. does not prohibit an insurer from using the Medicare coding poli-

---

4. It is worth noting that the Florida District Courts of Appeal are split over exactly what constitutes notice. These cases, however, represent the majority view. The minority view, in contrast, has insisted on a clear, unmistakable election of which method the insurer will

apply. *See Orthopedic Specialists v. Allstate Ins. Co.,* 177 So.3d 19, 21–24 (Fla. 4th DCA 2015). Even under the minority view, the language in the instant case appears to make a clear election constituting notice.

cies and payment methodologies of the Federal Centers for Medicare and Medicaid Services, including applicable modifiers, to determine the appropriate amount of reimbursement for medical services, supplies, or care if the coding policy or payment methodology does not constitute a utilization limit." Fla. Stat. § 627.736(5)(a)(3). Thus, the Defendant may use the MPPR if it is a "payment methodology," but may not if it constitutes a "utilization limit." Only through discovery can the Court determine whether the manner in which the Defendant applies the MPPR demonstrates its use as either a payment methodology or a utilization limit. At the pleading stage, the record is too thin to make this determination. *See Central Magnetic Imaging*, 789 F.Supp.2d at 1316 (denying motion to dismiss claim for breach of contract where insurer applied Medicare's Multiple Diagnostic Imaging Rule (MDDIR) to limit PIP reimbursements); *cf. Path Medical–Broward a/a/o Shanti' Bryant v. Progressive Select Ins. Co.*, Case No. CONO15005121 (70), *4 (Fla. Broward Cty. Ct. 2016) (holding, on summary judgment, that the MPPR is a payment methodology and not a utilization limit). The breach of contract claim, therefore, survives Defendant's Motion.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [27]**, is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. **Count I** of Plaintiff's Complaint, **ECF No. [16]**, is **DISMISSED**.
2. Defendant shall **FILE** an Answer to **Count II** of Plaintiff's Complaint **no later than July 11, 2016**.
3. In light of this ruling, Defendant's Discovery Motion, **ECF No. [35]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 28th day of June, 2016.