Mark E. Walker, Chief United States District Judge
This matter is before the Court on ECF No. 14, Defendant's Motion to Dismiss the First Amended Complaint. The Plaintiff responded in opposition in ECF No. 20. For the reasons which follow, the motion is granted without prejudice to plaintiff filing a second amended complaint which properly pleads a breach of insurance contract claim.
Plaintiff filed a claim with its insurer, Defendant State Farm, claiming that "an unknown person stole approximately $73,451.00 worth of camera equipment from Plaintiff's offices" in Johns Creek, Georgia. First Am. Compl. ¶ 12, ECF No. 11. The Defendant denied the claim, asserting that the loss fell within either of two exclusions in the policy. Id. at ¶ 19. Plaintiff then brought the instant action.
Plaintiff did not, however, simply allege a breach of the contract of insurance by failing to provide a proper adjustment and payment of Plaintiff's claims. Instead, in its first count, Plaintiff "requests a judgment for declaratory relief as to whether the exclusions relied upon by the Defendant bar coverage for the theft of Plaintiff's property." Id. at ¶ 28. Then, in its second count, Plaintiff alleges Defendant "breached its duty of good faith and fair dealing under the insurance contract when it denied coverage for the theft of the Plaintiff's property." Id. at ¶ 32. Defendant asserts in the motion to dismiss that both counts are improperly pled, and this Court agrees.
First, regarding Count I, it has long been held that "equitable relief is available only in the absence of an adequate remedy at law." SME Racks, Inc., v. Sistemas Mecanicos Para, Electronica, S.A. , 243 Fed.Appx. 502, 503 (11th Cir. 2007). Here, there is an adequate legal remedy-damages for breach of contract. The Eleventh Circuit in SME Racks, Inc. specifically found that a breach of contract action provides an adequate remedy, holding that "the district court properly determined that there are various forms of alternative relief available to the Appellants, namely damages for breach of contract." Id. Accordingly, Plaintiff's request for declaratory relief is improper in this case.
Second, although Count II is titled simply "Breach of Contract", it does not allege that Defendant breached any particular coverage provisions of the contract of insurance. Instead, it simply alleges that Defendant breached the contract's *1285 implied duty of good faith and fair dealing. In Florida, however, a claim for a general "breach of duty of good faith" is not a viable cause of action in a first-party property claim for insurance proceeds. QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc. , 94 So.3d 541 (Fla. 2012) (" Florida courts have not found that this implied covenant creates a separate first-party action against an insurance company based on its bad-faith refusal to pay a claim"); see also Burger King Corp. v. Weaver , 169 F.3d 1310, 1316 (11th Cir.1999). Therefore, Count II as pled does not state a cause of action under Florida law.
To the extent that Plaintiff is attempting to assert a bad faith claim against the Defendant, such an attempt would be premature and improperly pled. For example, in paragraph 22, Plaintiff asserts that "Defendant's denial of coverage was in bad faith", and in ¶¶ 31 and 32 Plaintiff asserts that Defendant breached the duty of good faith. Such allegations, however, would be relevant only to an action under Section 624.155, which allows a claim against an insurer for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests."
However, such an action would be premature for two reasons. First, an action under Section 624.155 cannot be brought until after insurer liability under the policy is found in a separate action. Lime Bay Condo. Inc. v. State Farm Fla. Ins. Co. , 94 So.3d 698, 699 (Fla. 4th DCA 2012) ("When a plaintiff does not and cannot allege that there has been a final determination of both the insurer's liability and the amount of damages owed by the insurer, the plaintiff's bad faith claim is premature and should be either dismissed without prejudice or abated.") (quoting State Farm Mut. Auto. Ins. Co. v. O'Hearn , 975 So.2d 633, 635-36 (Fla. 2d DCA 2008) ); State Farm Mut. Auto. Ins. Co. v. Tranchese , 49 So.3d 809, 810 (Fla. 4th DCA 2010) (remanding case to trial court "because the final determination of coverage and damages for the underlying claim has not been made, which must precede a statutory bad faith action"). Additionally, Section 624.155 imposes certain prerequisites to suit, such as notice to the insurer and an opportunity to cure, which have not been alleged in this case.
Accordingly,
IT IS ORDERED:
Defendant's motion to dismiss, ECF No. 14, is GRANTED , without prejudice to Plaintiff filing a second amended complaint by Friday, September 7, 2018.
SO ORDERED on August 21, 2018.