DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**PAN AM DIAGNOSTIC SERVICES, INC.** d/b/a **WIDE OPEN MRI** a/a/o **MARSHAY PENDER, STAND UP MRI OF TALLAHASSEE, P.A.** a/a/o **SHERRI ANDREWS, PALMS MRI DIAGNOSTIC IMAGING CENTER INC.** a/a/o **MIRIAM ALBERONI-FARFAN,** and **ACCU-MED DIAGNOSTIC CENTERS, LLC** a/a/o **NEILL LOPEZ,**
Appellees.

No. 4D21-487

[May 26, 2021]

Consolidated appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kathleen McCarthy and John D. Fry, Judges; L.T. Case Nos. COCE16-11308, CACE19-9308, COSO14-4705, CACE19-11397, CONO13-13847(70), CACE19-10122, COCE16-14754, and CACE19-1752.

Tracy T. Segal of Akerman LLP, West Palm Beach, and Nancy A. Copperthwaite and Marcy Levine Aldrich of Akerman LLP, Miami, for appellant.

Douglas H. Stein of Douglas H. Stein, P.A., Coral Gables, and Howard W. Myones of Myones Legal, PLLC, Fort Lauderdale, for appellee Stand-Up MRI of Tallahassee, P.A.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellee Palms MRI Diagnostic Imaging Center, Inc.

Mac S. Phillips of Phillips Tadros, P.A., Fort Lauderdale, for appellee Accu-Med Diagnostic Centers, LLC.

Virginia M. Best and Johanna M. Menendez of Best & Menendez, P.A., Miami, and Yigal D. Kahana of Kahana Law, P.A., North Miami, for appellee Pan Am Diagnostic Services Inc. d/b/a Wide Open MRI.

PER CURIAM.

This consolidated appeal arises from four personal injury protection ("PIP") cases that were decided on cross-motions for summary judgment in the county court.

All cases involved MRI providers who rendered services to State Farm's insureds following automobile accidents. In 2013, State Farm reimbursed the providers for MRIs performed on State Farm insureds. In calculating the reimbursement amounts, State Farm applied Medicare's Multiple Procedure Payment Reduction ("MPPR") to reduce the payments. The providers later filed suit, claiming the reimbursement was insufficient. On competing motions for summary judgment, the county court entered final judgments in favor of the providers, finding that State Farm breached its contractual obligations under the policy by paying less than the statutory floor for reimbursing benefits under a PIP claim.

For the reasons stated in *State Farm v. Stand-Up MRI of Boca Raton, P.A.,* No. 4D21-310 (Fla. 4th DCA May 26, 2021), we agree with State Farm's contention that the trial courts misinterpreted the PIP statute and the insurance policy by finding that section 627.736(5)(a)2. sets an absolute floor for PIP reimbursements that cannot be modified by authorized Medicare payment methodologies, such as the MPPR rule. We also conclude, as we did in *Stand-Up MRI,* that State Farm's policy provided adequate notice of its intent to apply the MPPR rule.

We write to address an additional issue not covered in *Stand-Up MRI*— whether the application of the MPPR to these PIP claims constituted an improper utilization limit under the PIP statute.

### The MPPR is Not an Improper Utilization Limit

Following the 2012 amendments to the PIP statute, section 627.736(5)(a)3., Florida Statutes (2013), specifically provides that insurers can apply payment methodologies under Medicare Part B when issuing reimbursements to providers under PIP, so long as the payment methodology is not a utilization limit:

> [S]ubparagraph 1. does not prohibit an insurer from using the Medicare coding policies and payment methodologies of the federal Centers for Medicare and Medicaid Services, including applicable modifiers, to determine the appropriate amount of reimbursement for medical services, supplies, or care *if the coding policy or payment methodology does not constitute a utilization limit.*

2

(emphasis added).

The plaintiff providers argued below that State Farm should not be permitted to apply the MPPR because it is an improper utilization limit. We agree with those Florida circuit courts, sitting in their appellate capacity, which have ruled that the MPPR is an authorized payment methodology, not an improper utilization limit. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Millennium Radiology, LLC*, 27 Fla. L. Weekly Supp. 998a, 2019 WL 8301181, at *3 (Fla. 11th Cir. Ct. Feb. 8, 2019); *AFO Imaging, Inc. v. State Farm Mut. Auto. Ins. Co.*, 24 Fla. L. Weekly Supp. 165b (Fla. 13th Cir. Ct. Mar. 15, 2016); *Multicare Rehab., LLC v. Progressive Select Ins. Co.*, 24 Fla. L. Weekly Supp. 171a (Fla. 17th Cir. Ct. Jan. 14, 2016).

As Judge Blumstein explained in *Millennium*:

> MPPR is basically a payment methodology used by the Medicare program to reduce payment for medical services when two or more services have been rendered on the same day, to the same patient, by the same physician, in the same session. Performing all services in one session reduces time, labor, and general costs associated with performing multiple procedures.

2019 WL 8301181, at *2. While the MPPR places limitations on the amount of reimbursement available when more than one medical service, such as an MRI, is provided to the same patient in the same session, "[i]t is not a utili[z]ation limit simply because it limits reimbursements." *Id.* at *3 (quoting *SOCC, P.L. v. Progressive Am. Ins. Co.*, 24 Fla. L. Weekly Supp. 163b (Hillsborough Cty. Ct. Apr. 18, 2016) (finding that "MPPR is not a *per se* limitation on utilization")).

"A limit on utilization means a limitation on the use or duration of a particular service or item." *Id.* (citing *Interventional Spine Ctr., LLC, v. Progressive Am. Ins. Co.*, 23 Fla. L. Weekly Supp. 610a (Miami-Dade Cty. Ct. Oct. 7, 2015)). "MPPR in no way limits the uses, duration, or the number of procedures, a provider may perform on a patient or that a patient may access. MPPR is simply a payment reduction employed due to the economic efficiencies achieved by performing multiple procedures in the same day." *Id.*; *see also State Farm. Mut. Auto. Ins. Co. v. Millennium Radiology, LLC*, 26 Fla. L. Weekly Supp. 871a, 2019 WL 8375937, at *4 (Fla. 11th Cir. Ct. Jan. 9, 2019) ("We find that MPPR does not limit the uses, duration, or the number of procedures a provider may perform on a patient or that a patient may access.*"); *Total MD v. Progressive Am. Ins.*

3

*Co.*, 2019 WL 3798446, *3 (Fla. 17th Cir. Ct. Apr. 9, 2019) ("MPPR does not limit services and care in any way, but is intended to appropriately value secondary services performed in the same office setting, to the same patient, on the same day, and to account for cost efficiencies realized when this occurs.").

As Judge Berkowitz wrote in *SOCC,* a limitation on cost does not necessarily mean a limitation on services:

> By definition, any and every cost containment measure, when applied to reimbursement for health care, results in a reduction of remuneration for a provider's time and services, and as a result may have some influence on the manner and method of treatment. A determination of a reasonable charge for provider services, however, does not mean, *a fortiori,* that such limitation on reimbursement deprives a patient of necessary treatment or precludes a health care provider from utilizing necessary and reasonable care. If that were the Legislature's purpose in its latest iteration of the PIP Statute, then no coding policies or payment methodology would be permissible. The Courts have clearly said that the use of such methodologies are permissible.

24 Fla. L. Weekly Supp. 163b, ¶20. *SOCC* recognized that while the MPPR "is a statutorily permitted means by which to determine the appropriate amount of reimbursement for such defined treatments[,] [t]his does not mean, however, that the impact of any such payment methodology must go unchallenged if use of such methodology in fact results in a limitation on the number of treatments or results in other utilization limits." *Id.* at ¶ 17. Here, the plaintiff providers presented no evidence that application of the MPPR in these cases resulted in any limitation of the services provided to the insureds.[1]

---

[1] Palms MRI referenced the affidavit it submitted in support of its motion for summary judgment, in which Jeff Howard, "an expert in evaluating, interpreting, utilizing and calculating Medicare fee schedules, Medicare coding policies and Medicare methodologies," opined that the MPPR is a utilization limit. However, his conclusion was based on observations about the MPPR in general and not the MPPR as applied to the reimbursements in this case. Whether an item constitutes a utilization limit depends on the facts of the case. *See Virga v. Progressive Am. Ins. Co.*, 215 F. Supp. 3d 1320, 1326 (S.D. Fla. 2016) (noting that "[o]nly through discovery can the Court determine whether the manner in which the Defendant applies the MPPR demonstrates its use as either a payment methodology or a utilization limit").

We conclude that the MPPR is not an improper utilization limit, and therefore the PIP statute allows insurers to apply the MPPR in reimbursing providers for services provided to the same patient during the same session once the fee schedule is properly elected.

We reverse the summary final judgments entered below in favor of appellees and remand to the county court to enter summary judgment in favor of State Farm.

GROSS, GERBER and KLINGENSMITH, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***