REVISED OPINION
 

 PARIENTE, J.
 

 This case arose from the failure of Progressive Express Insurance Company (Progressive) to pay personal injury protection (PIP) benefits to its insured, Cathy Menendez, after she was injured in an automobile accident in June 2001. Because Progressive did not pay the benefits, the insured sued for overdue benefits. She was successful in her claim in the trial court, which eventually entered a judgment in her favor. On appeal, the Third District Court of Appeal reversed the judgment on multiple grounds, including the insured’s failure to comply with a statute enacted after the date of the automobile accident (referred to as the statutory presuit provision)
 
 [1]
 
 that placed additional requirements on an injured person seeking to recover PIP benefits before filing suit.
 
 See Progressive Express Ins. Co. v. Menendez,
 
 979 So.2d 324 (Fla. 3d DCA 2008).
 

 In holding that the statutory presuit notice provision could be applied retroactively to the insured’s claim because it was “merely procedural” and did not unconstitutionally alter any existing rights, the decision of the Third District expressly and directly conflicts with the decisions of this
 
 *875
 
 Court in
 
 State Farm Mutual Automobile Insurance Co. v. Laforet,
 
 658 So.2d 55 (Fla.1995), and
 
 Young v. Altenhaus,
 
 472 So.2d 1152 (Fla.1985), and the decisions of the First District Court of Appeal in
 
 Walker v. Cash Register Auto Insurance of Leon County, Inc.,
 
 946 So.2d 66 (Fla. 1st DCA 2006), and
 
 Stolzer v. Magic Tilt Trailer, Inc.,
 
 878 So.2d 437 (Fla. 1st DCA 2004). Because we conclude that the 2001 amendment creating the statutory presuit notice provisions constitutes a substantive change to the statute, we hold that it cannot be retroactively applied to insurance policies issued before the effective date of the amendment and quash the decision of the Third District in
 
 Menendez.
 

 FACTS AND PROCEDURAL HISTORY
 

 As set forth in the district court opinion:
 

 On June 14, 2001, Cathy Menendez (“Menendez”) was injured in an automobile accident while traveling to work. Menendez was covered by a policy issued by Progressive affording personal injury protection (“PIP”) benefits with effective dates of April 1, 2001, to October 1, 2001. In addition, Menendez was eligible for workers’ compensation benefits, and her employer paid for nine weeks of her lost income. While most of Menendez’s medical bills were paid through workers’ compensation, Progressive paid a total of $2,131.22 to four different medical care providers.
 

 Menendez,
 
 979 So.2d at 327.
 

 After having settled the claims arising out of the automobile accident with the other motorist, Menendez paid $2,000 from that settlement to satisfy a lien filed by Menendez’s employer. In December 2001, her attorney began to pursue a PIP benefits claim on behalf of Menendez. After a series of letters to and from Progressive, almost a year later on November 26, 2002, Menendez and her husband
 
 [2]
 
 (hereinafter referred to as the insureds) filed suit against Progressive for overdue benefits.
 

 The litigation in the trial court, which spanned a period of several years, eventually focused not on whether Progressive owed the benefits, but on whether the statutory presuit notice was required. The trial court ultimately concluded that the statute was not applicable to the insureds’ claim. Further, the court ruled that even if the statute applied, presuit notice was not required because “Progressive effectively denied [Petitioners’] claim.”
 
 Id.
 
 at 327. A partial summary judgment was granted in favor of the insureds and a stipulated final judgment was entered in the full amount due and owing to the insureds.
 

 Progressive appealed the summary judgment ruling to the Third District Court of Appeal. The issues on appeal also revolved around the statutory presuit notice requirement. The Third District found against the insureds on each issue raised. Specifically pertinent to the primary issue in this case, the Third District rejected the insureds’ assertion that the presuit notice requirements of the statute impaired the obligation of contracts in violation of article I, section 10, of the Florida Constitution.
 
 Menendez,
 
 979 So.2d at 330-31.
 
 [3]
 
 Accordingly, the Third District
 
 *876
 
 reversed the summary judgment entered in favor of the insureds, leaving as the only issue to be litigated whether Progressive’s letters constituted a denial of the claim, which would obviate the need to comply with the presuit notice provisions.
 
 See
 
 § 627.736(11)(a), Fla. Stat. (2001).
 

 ANALYSIS
 

 The dispositive issue before this Court is whether section 627.736(11), Florida Statutes (2001), can be applied retroactively to an insurance policy issued prior to the enactment of the statute. In our analysis, we look at the date the insurance policy was issued and not the date that the suit was filed or the accident occurred, because “the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract.”
 
 Hassen v. State Farm Mut. Auto. Ins. Co.,
 
 674 So.2d 106, 108 (Fla.1996);
 
 see also Lumbermens Mut. Cas. Co. v. Ceballos,
 
 440 So.2d 612, 613 (Fla. 3d DCA 1983) (holding that a liability policy is governed by the law in effect at the time the policy is issued, not the law in effect at the time a claim arises);
 
 Hausler v. State Farm Mut. Auto. Ins. Co.,
 
 374 So.2d 1037, 1038 (Fla. 2d DCA 1979) (holding that the date of the accident does not determine the law that is applicable to a dispute).
 

 The crux of the statutory presuit notice provision is the requirement of filing a notice of intent to litigate, originally located in subsection (ll)(a) and now contained in subsection (10)(a). The subsection states:
 

 As a condition precedent to filing any action for an overdue claim for benefits under paragraph (4)(b), the insurer must be provided with written notice of an intent to initiate litigation; provided, however, that, except with regard to a claim or amended claim or judgment for interest only which was not paid or was incorrectly calculated, such notice is not required for an overdue claim that the insurer has denied or reduced, nor is such notice required if the insurer has been provided documentation or information at the insurer’s request pursuant to subsection (6). Such notice may not be sent until the claim is overdue, including any additional time the insurer has to pay the claim pursuant to paragraph (4)(b).
 

 § 627.736(11)(a), Fla. Stat. (2001).
 

 In order to resolve the issue of retroactive application of the statutory presuit notice provision, we first explore the broader statutory scheme of Florida’s Motor Vehicle No-Fault Law. Next, we discuss the standard applicable to determining whether a statute should be applied retroactively. We then apply this standard and hold that the Third District improperly concluded that the statutory presuit notice provision could apply retroactively to the existing policy and claim for benefits in this case.
 

 Florida’s Motor Vehicle No-Fault Law was enacted by the Legislature in 1971. In
 
 Allstate Insurance Co. v. Holy Cross Hospital, Inc., 961
 
 So.2d 328, 331-32 (Fla.2007), we explained in detail the history and purpose of the statute:
 

 The No-Fault Law is a comprehensive statutory scheme, the purpose of which is to “provide for medical, surgical, funeral, and disability insurance benefits without regard to fault, and to require motor vehicle insurance securing such
 
 *877
 
 benefits.” § 627.731, Fla. Stat. (2006);
 
 accord, United Auto. Ins. Co. v. Rodriguez,
 
 808 So.2d 82, 85 (Fla.2001) (stating that the intent of the No-Fault Law is “to provide a minimum level of insurance benefits without regard to fault”). The No-Fault Law mandates security that can be established by alternative means, one of which is PIP insurance.
 
 See
 
 § 627.733, Fla. Stat. (2006).
 

 The “Required Personal Injury Protection” provision, or the PIP statute, is codified at section 627.736 and is “an integral part of the no-fault statutory scheme.”
 
 Flores v. Allstate Ins. Co.,
 
 819 So.2d 740, 744 (Fla.2002). The statute requires motor vehicle insurance policies issued in Florida to provide PIP benefits for bodily injury “arising out of the ownership, maintenance, or use of a motor vehicle.” § 627.736(1), Fla. Stat. (2006);
 
 accord Blish v. Atlanta Cas. Co.,
 
 736 So.2d 1151, 1153 (Fla.1999). The PIP statute is unique, in that it abolished “a traditional common-law right by limiting the recovery available to car accident victims” and in exchange, required PIP insurance that was recoverable without regard to fault.
 
 State Farm Mut. Auto. Ins. Co. v. Nichols,
 
 932 So.2d 1067, 1077 (Fla.2006). Although recovery is restricted under this statutory scheme, this Court has held that the PIP statute is a reasonable alternative to common law tort principles in that it provides “swift and virtually automatic payment so that the injured insured may get on with his life without undue financial interruption.”
 
 Id.
 
 (quoting
 
 Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 683-84 (Fla.2000)).
 

 This last observation is significant because any impediment to the right of the insured to recover in a “swift and virtually automatic” way has the potential for interfering with the PIP scheme’s goal of being a reasonable alternative to common law tort principles.
 

 Because in this case the statute was enacted after the issuance of the insurance policy, the operative inquiry is whether the statute should apply retroactively. In this regard, the Court applies a two-pronged test. First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles.
 
 See Metro. Dade County v. Chase Fed. Hous. Corp.,
 
 737 So.2d 494, 499 (Fla.1999).
 

 In this case, we conclude that the Legislature intended for the statutory pre-suit'notice provision to be applied retroactively. However, even where the Legislature has expressly stated that a statute will have retroactive application, this Court will reject such an application if the statute impairs a vested right, creates a new obligation, or imposes a new penalty.
 
 See State Farm Mut. Auto. Ins. Co. v. Laforet,
 
 658 So.2d 55, 61 (Fla.1995).
 
 [4]
 
 Therefore, the central focus of this Court’s inquiry is whether retroactive application of the statute “attaches new legal consequences to events completed before its enactment.”
 
 Metro. Dade County,
 
 737 So.2d at 499 (quoting
 
 Landgraf v. USI Film Prods.,
 
 511 U.S. 244, 270, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)). In order to answer this question, we compare section 627.736 as it existed at the time the insureds’ insurance
 
 *878
 
 policy was issued with the 2001 amendment.
 

 Before the addition of the statutory pre-suit notice provision, section 627.736 did not require an insured to provide notice to an insurer before filing an action for overdue benefits. PIP benefits became overdue if the insurer failed to pay within thirty days after receiving notice from the insured of the fact of a covered loss and the amount of such loss. § 627.736(4)(b), Fla. Stat. (2000). Any overdue payment was subject to a ten percent simple interest rate per year. § 627.736(4)(c), Fla. Stat. (2000). However, if the insurer had reasonable proof to establish that it was not responsible for the payment, the payment was not overdue. § 627.736(4)(b), Fla. Stat. (2000).
 

 In contrast, the statute as amended in 2001 requires an insured to provide a pre-suit notice of intent to initiate litigation and provides an insurer additional time to pay an overdue claim. § 627.736(1l)(a), (d), Fla. Stat. (2001). Second, the amendment mandates that the payment from the insurer must include interest and penalties not exceeding $250. § 627.736(ll)(d), Fla. Stat. (2001). Third, if the insurer pays within the additional time provided by the statute, the payment precludes the insured from bringing suit for late payment or nonpayment and shields the insurer from a claim for attorneys’ fees.
 
 Id.
 
 Finally, the amendment tolls the statute of limitations. § 627.736(ll)(e), Fla. Stat. (2001).
 
 [5]
 

 The insureds do not dispute the right of the Legislature to impose these additional conditions to recovery of PIP benefits by the enactment of this statute; however, they argue that the changes imposed by the statutory presuit notice provision create various obligations and burdens that are substantive and therefore can only be applied prospectively. The insureds also argue that the statutory presuit notice provision, as a whole, affects the insured’s ability to retain counsel because there is no longer a right to reasonable attorneys’ fees if the insurer subsequently pays the claim within the additional time prescribed by statute.
 

 In agreeing with the insureds that the statute cannot be applied retroactively, we conclude that the most problematic provisions of the statute are those which (1) impose a penalty, (2) implicate attorneys’ fees, (3) grant an insurer additional time to pay benefits, and (4) delay the insured’s right to institute a cause of action. We first note that this Court has generally held that statutes with provisions that impose additional penalties for noncompliance or limitations on the right to recover attorneys’ fees do not apply retroactively. In
 
 Laforet,
 
 this Court held that section 627.727(10), Florida Statutes, which imposed a penalty on insurers who in bad faith failed to settle uninsured motorist claims, could not be applied retroactively “because it [was], in substance, a penalty.”
 
 Laforet,
 
 658 So.2d at 61.
 

 Further, we have previously held that the statutory right to attorneys’ fees is not a procedural right, but rather a substantive right.
 
 Moser v. Barron Chase Sec., Inc.,
 
 783 So.2d 231, 236 (Fla.2001). For example, in
 
 Young v. Altenhaus,
 
 472 So.2d 1152 (Fla.1985), we held that section 768.56, Florida Statutes (1981), which permitted a reasonable attorneys’ fee award to the party that prevailed in a malpractice cause of action, was a substantive statute in light of the prior obligations under the American Rule adopted in Florida, which
 
 *879
 
 required each party to pay its own fees unless otherwise directed by statute or an agreement between the parties.
 
 Id.
 
 at 1153-54. In addition, our district courts have concluded that statutes that limit the ability to seek attorneys’ fees are substantive in nature.
 

 In reviewing a statute that delayed a claimant’s ability to recover attorneys’ fees, the First District held, “[The] amendment to the attorney’s fee statute, which allows the employer/carrier 30 days rather than 14 days within which to provide benefits before being responsible for payment of attorney’s fees, is a substantive change to the statute.”
 
 Stolzer v. Magic Tilt Trailer, Inc.,
 
 878 So.2d 437, 438 (Fla. 1st DCA 2004). Subsequently, in
 
 Walker v. Cash Register Auto Insurance of Leon County, Inc.,
 
 946 So.2d 66 (Fla. 1st DCA 2006), the First District concluded that a statute was substantive because it “ere-ate[d] an opportunity to avoid the sanction of attorney’s fees by creating a safe period for withdrawal or amendment of meritless allegations and claims” and “[t]he withdrawal or amendment of a claim, allegation or defense could substantively alter a case.”
 
 Id.
 
 at 71.
 

 Under the holdings of these cases, the 2001 statutory amendment cannot be applied retroactively because it allows an insurer to avoid an award of attorneys’ fees, which constitutes a substantive change to the statute in effect at the time the insureds’ insurance policy was issued. According to the new statutory presuit notice provisions, an insured is precluded from recovering attorneys’ fees if the insurer pays the claim within the additional time period provided by the statute. Similar to the safe harbor provisions at issue in
 
 Stol-zer
 
 and
 
 Walker,
 
 which were found to be substantive, the amended statute in this case creates a “safe period” by extending the period of time in which the insurer could pay a claim. Thus, the amendment relieves the insurer of the obligation to pay fees and also constitutes a substantive change to the statute as it existed before the 2001 amendment.
 

 Finally, we conclude that the 2001 amendment that permits a delayed payment from an insurer and postpones an insured’s ability to bring a suit for overdue benefits also presents a substantive change. Under the statute in effect at the time the policy was issued, an insurer was obligated to pay a claim within thirty days after receiving notice of loss. Moreover, an insured had the right to bring suit for an overdue claim once the thirty days had expired.
 
 See Crooks v. State Farm Mut. Auto. Ins. Co.,
 
 659 So.2d 1266, 1268 (Fla. 3d DCA 1995) (“Section 627.736(4)(b) unambiguously states that an insurer, who fails to pay out benefits within thirty days of receiving proper notice, will be liable to the insured.”). Yet, pursuant to the 2001 version of section 627.736, an insurer has an additional period of time
 
 [6]
 
 to meet its obligation under the statute, and an action for a claim of benefits cannot be initiated until the additional time for payment has expired. Thus, the statute substantively alters an insurer’s obligation to pay and an insured’s right to sue under the contract.
 

 In our view, the statute, when viewed as a whole, is a substantive statute. Pursu
 
 *880
 
 ant to the 2001 version of section 627.736, an insured must now take additional steps beyond filing an application for PIP benefits and beyond complying with section 627.727(4). This includes the preparation and provision of a written notice of intent to litigate, which requires the inclusion of additional information that the insured may not have access to and which may not be sent until the claim is considered overdue under section 627.727(4)(b). An insurer has additional time to meet its obligation under the statute, and an action for a claim of benefits and attorneys’ fees cannot be initiated until the additional time for payment has expired. Thus, the statute allows the insurer additional time to pay the claim and affects the insured’s right to sue and recover attorneys’ fees.
 

 Based on our above analysis, we conclude that the statutory presuit notice provision is not “procedural” and should not be given retroactive application. Consequently, we conclude that the Third District erred in holding that requiring the insureds to comply with the presuit notice requirements of the statute did not “violate the general rule against retrospective operation.”
 
 Menendez,
 
 979 So.2d at 331.
 

 CONCLUSION
 

 For the foregoing reasons, we hold that section 627.736(11), Florida Statutes (2001), does not apply retroactively to the insurance policy issued to the insureds, because it is a substantive statute. Accordingly, we quash the decision of the Third District Court of Appeal and remand with directions to reinstate the stipulated final judgment and the final judgment awarding attorneys’ fees. We also instruct the district court to enter an order awarding attorneys’ fees and to remand the issue to the trial court for a determination of the amount of fees for the proceedings at the district court and before this Court.
 

 It is so ordered.
 

 QUINCE, C.J., and CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 LEWIS, J., concurs in result only.
 

 [1]
 

 . The statutory requirements originally contained in section 627.736(11), Florida Statutes (2001), are now located in section 627.736(10), Florida Statutes (2009). Section 627.736(11) was renumbered as subsection (10) by chapter 2007-324, section 20, Laws of Florida, which became effective January 1, 2008. To avoid any confusion, we refer in this opinion to the text of section 627.736(11), as originally enacted in 2001, as the "statutory presuit notice provision.”
 

 [2]
 

 . Menendez’s husband, Louis R. Menendez, Jr., was the named insured on the insurance policy. Cathy Menendez was the second named insured.
 

 [3]
 

 . As to the other issues on appeal, the Third District held: (1) that the trial court erred in granting the partial summary judgment because a material disputed issue of fact existed as to whether Progressive denied the insureds’ claim; (2) that section 627.736(11) applied to all types of PIP benefit claims, including lost supplemental wages claims; and (3) that the insureds waived any argu
 
 *876
 
 ment on appeal that the claim for benefits could have been abated' until the failure to comply with the notice provision was cured because they failed to request abatement or to voluntarily dismiss and refile their complaint.
 
 Menendez,
 
 979 So.2d at 328-34. In light of our holding, we do not address these additional claims.
 

 [4]
 

 . Retroactivity will also be rejected where a statute impairs the obligation of contracts in violation of article I, section 10, of the Florida Constitution.
 
 Fleeman v. Case,
 
 342 So.2d 815, 818 (Fla.1976). Article I, section 10, of the Florida Constitution states: "No bill of attainder, ex post facto law or law impairing the obligation of contracts shall be passed.”
 

 [5]
 

 . Under the 2001 version of the statute, the statute of limitations was tolled for fifteen business days. § 627.736(1 l)(e), Fla. Stat. (2001). The current version of the statute tolls the statute of limitations for thirty business days. § 627.736(10)(e), Fla. Stat. (2009).
 

 [6]
 

 . The 2001 amendment to the statute allowed an additional seven days after receipt of the notice of intent to litigate for the insurer to pay the claim. Under the current version of the statute, an insurer has an additional thirty days to pay a claim after receiving the notice of intent to litigate. § 627.736(10)(d), Fla. Stat. (2009). Both the 2001 and the current version of the statute state that the notice of intent to litigate may not be sent until the claim for benefits is overdue. § 627.736(1 l)(a), Fla. Stat. (2001); § 627.736(10)(a), Fla. Stat. (2009).