52 So.3d 48 (2010)
BRISTOL WEST INSURANCE COMPANY, Appellant,
v.
MD READERS, INC., a/a/o Gloria Smith, Appellees.
No. 4D10-524.
District Court of Appeal of Florida, Fourth District.
December 15, 2010.
*49 Francis A. Zacherl, Stephen T. Maher and Rachel H. LeBlanc of Shutts & Bowen LLP, Miami, for appellant.
Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, and Edward H. Zebersky of Zebersky & Payne, LLP, Hollywood, for appellees.
David M. Caldevilla and Michael R. Bray of de la Parte & Gilbert, P.A., Tampa, for Amicus Curiae Florida Medical Association, Inc.
PER CURIAM.
In an underlying declaratory judgment action against Bristol West Insurance Company, regarding the proper calculation for reimbursement under PIP benefits for "radiological services associated with reading an MRI," the trial court certified a class of all health care providers who have submitted claims to Bristol West for MRI services rendered from August 1, 2004 through July 31, 2005. The class certification order allowed MD Readers, the only named plaintiff, to represent that class in the litigation. Bristol West appeals, claiming primarily that MD Readers lacks standing to be a proper representative, because it failed to send a proper statutory notice of intent to litigate. We affirm, as the declaratory judgment complaint did not seek any damages, as confirmed by the plaintiff at the hearing on class certification. Thus, the plaintiff was not required to send a notice.
MD Readers submitted a claim for PIP benefits to Bristol West for the MRI services provided to Gloria Smith, an insured of Bristol West under an auto accident insurance policy. The total amount billed by MD Readers for the MRI services was $450. Bristol West then paid MD Readers $149.48 in "Full and Final Payment for Medical."
MD Readers then filed a declaratory judgment class action suit against Bristol West. The complaint alleged that Bristol West failed to reimburse class members *50 for 80% of the charges for MRI reading services and that Bristol West improperly utilized section 627.736(5)(b)(5), Florida Statutes (2003), to "wrongfully limit payments for radiological services associated with reading an MRI." It sought a declaration of the proper calculation of payments for such services in accordance with the statute and also claimed money damages resulting from the difference between the correct calculation and what Bristol had paid.
After filing the complaint, MD Readers sent a demand letter in which MD Readers demanded payment in the amount of $210.52 for the services it provided to Smith, using the calculations based upon its interpretation of the statute. In response to the demand letter, Bristol West denied the request for payment and denied any further liability.
A year later, MD Readers voluntarily dismissed its lawsuit. MD Readers then filed the current class action suit in connection with the same bill for services provided to Smith. In an amended complaint, MD Readers alleged that the proper amount that it should have been paid for the MRI services rendered to Gloria Smith was $151.86, but Bristol West paid only $149.48, thus lowering the amount MD Readers claimed it was owed to $2.38. MD Readers never sent another demand letter for this smaller amount to Bristol West.
Significantly, the complaint made no claim for money damages. It sought a declaration of the correct statutory formula for calculating payments under PIP benefits for the physician fees in connection with radiological readings, as well as attorney's fees and costs. Other than the omission of a request for money damages, the complaint mirrored the original, voluntarily dismissed complaint.
MD Readers moved to certify a class of health care providers receiving payment for services from Bristol West under PIP benefits. The parties had already determined that Bristol West had handled 2,800 claims for MRI services during the relevant time period. Bristol West admitted that it had made an arithmetical mistake in the calculations, and it agreed with the calculations made by MD Readers. Thus, the substantive issue in the lawsuit was moot. Bristol West objected to class certification on several grounds, all dealing with its understanding that the declaratory judgment was simply a disguise for money damages in the amount of the health care providers' underpaid bills. Most prominently, Bristol West objected because it had not received the statutory notice of intent to initiate litigation, which was a condition precedent to bringing suit. See § 627.736(11), Fla. Stat. (2003). Therefore, it claimed that MD Readers could not be an adequate class representative, because it had not complied with the condition precedent for bringing a claim. Multiple times during the hearing, MD Readers maintained that it was not making any claim for damages. Therefore, no notice was required.
The court granted class certification, as requested by MD Readers, certifying as the class:
All health care providers who have submitted claims to BRISTOL WEST for MRI services, for services rendered from August 1, 2004 through July 31, 2005. The claim is further limited to only include claims for MRI Services which were rendered from August 1, 2004 through July 31, 2005.
Bristol West appeals the class certification order. We have jurisdiction. Fla. R.App. 9.130(a)(3)(C)(vi).
Bristol West contends that MD Readers lacks standing to be a class representative *51 because MD Readers did not send a notice of intent to litigate, which is a statutory condition precedent to litigation. Without the statutory notice, it cannot recover on its claims. Section 627.736(11)(a), Florida Statutes (2003),[1] provides that "[a]s a condition precedent to filing any action for benefits under this section, the insurer must be provided with written notice of an intent to initiate litigation." Our supreme court has explained that the pre-suit notice provision is substantive, not procedural. See Menendez v. Progressive Exp. Ins. Co., 35 So.3d 873 (Fla.2010). Specifically, "an insurer has an additional period of time to meet its obligation under the statute, and an action for a claim of benefits cannot be initiated until the additional time for payment has expired. Thus, the statute substantively alters an insurer's obligation to pay and an insured's right to sue under the contract." Id. at 879 (footnote omitted).
The parties dispute whether the notice of intent sent prior to the second complaint sufficed as the statutory condition precedent. However, as MD Readers notes, because the declaratory judgment action seeks no damages whatsoever, it is not an "action for benefits." Therefore, the statute doesn't apply. We agree that because MD Readers did not seek any monetary relief, the claim is not an action for benefits and thus the statutory notice is not required.
We hold MD Readers to its representations both to this court and to the trial court that no damages whatsoever will be sought in this action. Several times at the hearing, as well as at oral argument, MD Readers' attorney emphasized that no damages were sought. At one point in the hearing before the trial court, MD Readers' attorney said: "We're asking the court to not decide what each of these 2,800 people should get paid. We're asking the court to utilize the 2001 Medicare Part B fee schedule and to determine for each one of those CPT codes ... what should be paid from a time period of August 1, 2004, to July 31, 2005." The attorney repeated this several times.
Because the complaint sought a declaratory judgment and no damages, we agree that the statutory notice did not become a condition precedent of MD Readers' right to bring this action, as it sought no benefits. The other arguments raised by Bristol West likewise presume that the declaration is in essence a claim for damages. As MD Readers has denied any right in this action, including supplementary relief, to seek damages, we conclude that the court did not err in certifying a class for the sole purpose to declare the correct calculation to be applied for reimbursement of MRI services from August 2004 to August 2005. We thus affirm the order certifying a class.
POLEN and FARMER, JJ., concur.
WARNER, J., concurs specially with opinion.
WARNER, J., concurring specially.
While I concur in the majority opinion, I do so only because the issue of the propriety of the declaratory judgment is not before us for consideration. I cannot understand why this action is even proceeding where appellee is not seeking any benefitsdamagesfrom its claim. Bristol has already admitted that it made an arithmetical mistake and agrees that MD Readers' *52 calculation of reimbursement rates by CPT codes is correct. Assuming MD Readers gets the declaration that it wants, the court will declare the CPT code reimbursement rates for 2004-2005.
However, not one member of the class can collect based upon that declaration. The statutory condition precedent of notice is a substantive requirement. See Menendez v. Progressive Exp. Ins. Co., 35 So.3d 873 (Fla.2010). Each provider must comply with its terms, including furnishing the detailed information mandated in section 627.736(11)(b). The statutory requirement leads me to understand that a class action for benefits would be a practical impossibility, because each provider must serve the statutory notice. See Shenandoah Chiropractic, P.A. v. Nat'l Specialty Ins. Co., 526 F.Supp.2d 1283, 1290 (S.D.Fla. 2007) (concluding that "allowing class notice would, in effect, eliminate the carefully crafted and detailed notice requirement set out in the Florida PIP statute" and that, as a matter of law, "no notice letter sent on behalf of the putative class in this case could be legally sufficient"); but cf. Altamonte Springs Imaging, L.C. v. State Farm Mut. Auto. Ins. Co., 12 So.3d 850 (Fla. 3d DCA 2009) (approving class action settlement in suit over PIP insurer's failure to correctly pay amounts due for MRI services, without addressing the requirement of a pre-suit demand under the PIP statute).
Moreover, since this is already 2010, any subsequently-filed cause of action for benefits due, either pursuant to contract or statute, would be barred by relevant statutes of limitations. See §§ 95.11(2)(b) and (3)(f), Fla. Stat. Therefore, I cannot envision that a declaration of the proper calculations of fees for services rendered in 2004 and 2005 serves any useful purpose, because the class's rights are no longer affected by a dispute, see § 86.021, Fla. Stat. (2010), as the time has long since passed for making a claim for benefits under the statute and/or contract.
NOTES
[1] "[T]he statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." Hassen v. State Farm Mut. Auto. Ins. Co., 674 So.2d 106, 108 (Fla.1996). Here, the 2003 statutes were still in effect at the time Smith executed her automobile policy in March 2004.