IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THE KIDWELL GROUP, LLC D/B/A
AIR QUALITY ASSESSORS OF
FLORIDA A/A/O MARIA AMADIO,

      Appellant,

 v.

                                Case No. 5D21-2955
                                LT Case No. 2020-SC-30282-0

OLYMPUS INSURANCE COMPANY,

      Appellee.

_____/

Opinion filed July 22, 2022

Appeal from the County Court
for Orange County,
Amy Jo Carter, Judge.

Chad A. Barr, of Chad Barr Law,
Altamonte Springs, for Appellant.

Kimberly J. Fernandes, of Kelley
Kronenberg, Tallahassee, for
Appellee.

EISNAUGLE, J.

The Kidwell Group, LLC d/b/a Air Quality Assessors of Florida a/a/o Maria Amadio ("Kidwell"), appeals an order granting Olympus Insurance Company's ("Olympus") motion to dismiss with prejudice arguing, *inter alia*, that the trial court erred because it retroactively applied section 627.7152, Florida Statutes (2019). We disagree and affirm.

**Factual and Procedural Background**

A windstorm damaged Maria Amadio's home in September of 2017, and she reported the damage to Olympus, her insurer. Then, in October of 2019, Amadio executed an assignment of benefits in favor of Kidwell.

Kidwell submitted an invoice to Olympus and later filed suit when Olympus failed to make payment. Olympus moved to dismiss the complaint, arguing that the purported assignment to Kidwell did not comply with section 627.7152.

In response to the motion to dismiss, Kidwell observed that the insurance policy was issued before the statute's effective date. As such, Kidwell argued that the statute as written did not indicate that it applies retroactively to the insurance policy, and in any event, retroactive application of section 627.7152 to the policy would be unconstitutional.

The trial court disagreed with Kidwell and dismissed the complaint with prejudice, reasoning that section 627.7152 applies to the date of the

assignment of benefits and not, as Kidwell advanced, the date the insurance policy was issued.  This appeal follows.

## **Application of Section 627.7152**

On appeal, Kidwell does not claim that it complied with section 627.7152.  Instead, Kidwell argues that the insurance policy was issued prior to the effective date of the statute and that the statute does not apply retroactively to the policy.  We conclude that Kidwell's argument is without merit because the operative date for purposes of the statute is the date of the assignment, not the date the insurance policy was issued.

Section 627.7152 provides a list of requirements for any agreement that assigns post-loss benefits under a property insurance policy "to or from a person providing services to protect, repair, restore, or replace property or to mitigate against further damage to the property."  § 627.7152(1)(b), (2)(a). Any assignment agreement that fails to comply with these requirements is "invalid and unenforceable."  § 627.7152(2)(d).  Important here, the statute expressly applies to assignment agreements "executed on or after July 1, 2019."  § 627.7152(13).[1]

---

[1] The effective date of the act is also July 1, 2019.  Ch. 2019-57, § 6, Laws of Fla.

3

Recently, our sister court addressed Kidwell's argument in *Total Care Restoration, LLC v. Citizens Property Insurance Corp.*, 337 So. 3d 74 (Fla. 4th DCA 2022). In that case, the fourth district considered whether section 627.7152's ten-day notice requirement "applies to an assignment of insurance benefits executed after the effective date of the statute, even where the underlying policy was issued before that effective date." *Id.* at 75. Our sister court held that "the statute was not applied retroactively—the trial court applied it to an assignment executed after the effective date of the statute." *Id.* at 76. In so doing, *Total Care* explained:

> This case does not involve the application of a statute to a preexisting insurance policy; it concerns a statute's application to an assignment created after the effective date of the statute. Thus, section 627.7152—the law in effect at the time the assignment of benefits was executed—was properly applied to the assignment in this case.

*Id.* at 77.

In direct conflict with *Total Care*, Kidwell relies, *inter alia*, on *Procraft Exteriors, Inc. v. Metropolitan Casualty Insurance Co.*, 29 Fla. L. Weekly Fed. D71 (M.D. Fla. 2020).[2] In *Procraft*, the United States District Court considered whether the plaintiff assignee's claim to attorney's fees was

---

[2] The United States District Court did not have the benefit of *Total Care* at the time it decided *Procraft*.

4

governed by the new statute, section 627.7152(10), or by the previously controlling statute, section 627.428. *Id.*

Notably, *Procraft* acknowledged that the assignment was executed after section 627.7152(10)'s effective date, but unlike *Total Care*, held that section 627.7152(10) did not apply because section 627.428 "was the effective statute when the *insurance policy* was issued." *Id.* at D72 (emphasis added). In so doing, *Procraft* reasoned that "[the assignee] stepped into the shoes of [the insured] when the assignment of benefits of contract was issued, and was thereby entitled to the same rights as [the insured] under said contract." *Id.*[3]

We disagree with *Procraft*'s conclusion that a party can claim it "stepped into the shoes" of another when there is a statute in effect at the time dictating otherwise. The assignment in this case was "invalid and unenforceable" because Kidwell indisputably failed to comply with section

---

[3] *Procraft* also relied on *CMR Construction & Roofing, LLC v. Hartford Insurance Co. of the Midwest*, 29 Fla. L. Weekly Fed. D67 (S.D. Fla. 2020), *JPJ Companies, LLC v. Hartford Insurance Co. of the Midwest*, 29 Fla. L. Weekly Fed. D72 (S.D. Fla. 2020), and *Menendez v. Progressive Express Insurance Co.*, 35 So. 3d 873, 878–79 (Fla. 2010) to support its analysis. However, those cases are inapposite for the reasons explained in *Total Care*. *See Total Care*, 337 So. 3d at 77.

5

627.7152.  As a result, Kidwell never successfully stepped into the shoes of the insured.

Having rejected *Procraft*, we align ourselves with *Total Care*[4] and hold that, based on the plain language of the statute, the trial court properly applied section 627.7152 prospectively to the assignment agreement in this case.  We therefore affirm the trial court's order dismissing Kidwell's complaint with prejudice.[5]

AFFIRMED.

COHEN and NARDELLA, JJ., concur.

---

[4] While we agree with most of the analysis in *Total Care*, we disagree with *Total Care*'s use of legislative history (the Final Staff Analysis in the Florida House).  *Total Care*, 337 So. 3d at 76 n.1.  We adhere to the "supremacy-of-text principle" when interpreting a statute, *Forrester v. Sch. Bd. of Sumter Cnty.*, 316 So. 3d 774, 776 (Fla. 5th DCA 2021) (quoting *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020)), and we gather the purpose of a statute "only from the text itself."  *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 33 (1st Ed. 2012).  In short, legislative history is irrelevant to our analysis in this case because it is inconsistent with our application of the supremacy-of-text principle.

[5] Given our disposition, we need not reach Kidwell's argument that retroactive application of section 627.7152 to the insurance policy would be unconstitutional.