# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1932
Lower Tribunal No. 21-6801 SP
_____

**The Restoration Team a/a/o Rick Santos and Idalia Santos,**
Appellant,

vs.

**Southern Oak Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Elijah A. Levitt, Judge.

Giasi Law, P.A., and Melissa A. Giasi and Erin M. Berger (Tampa), for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez and Megan G. Colter (Tampa), for appellee.

Before EMAS, HENDON and MILLER, JJ.

EMAS, J.

## INTRODUCTION

The Restoration Team ("TRT"), as assignee of Rick and Idalia Santos ("Santos"), appeals the trial court's order dismissing its breach-of-contract lawsuit against Southern Oak Insurance Company. The dismissal was based on TRT's failure to comply with section 627.7152, Florida Statutes (2019). TRT asserts that the trial court erroneously applied the statute retroactively, and that TRT was not required to comply with its provisions. TRT is incorrect and, for the reasons that follow, we affirm and hold that the trial court correctly applied section 627.7152 to the assignment of benefits agreement in this case, and that such application was prospective, not retroactive.

## FACTS AND BACKGROUND

Santos owned a home that was insured against property damage by Southern Oak Insurance Company under a policy which was effective from August 12, 2018 to August 12, 2019. Santos' home reportedly sustained windstorm damage on August 6, 2019 and Santos subsequently assigned their rights under the insurance policy to TRT.

Thereafter, TRT presented Southern Oak with an invoice for mitigation services provided at the property, in the amount of $6,246.27. When

Southern Oak failed to pay, TRT filed the instant complaint, alleging breach of contract and seeking damages.

Southern Oak moved to dismiss the complaint, asserting that the assignment was invalid under section 627.7152 because, inter alia, the assignment did not contain a "written, itemized, per-unit cost estimate of the services to be performed by the assignee," section 627.7152(2)(a)(4), and because the assignment of benefits violated the $3,000 or 1% cap set forth in section 627.7152(2)(c).

In response, TRT contended it was not required to comply with section 627.7152 because the statute did not exist when the insurance policy became effective on August 12, 2018, and, further, that the motion to dismiss improperly contained allegations outside the four corners of the complaint.

Following a hearing, the trial court granted the motion to dismiss, finding section 627.7152 applied to the assignment of benefits, despite the effective date of the insurance policy, because the assignment of benefits was executed after the effective date of the statute. The court further found that because the assignment of benefits failed to comply with the requirements of section 627.7152, it was invalid and that this failure to comply was evident from the four corners of the complaint and its attachments.  This appeal followed.

3

**STANDARD OF REVIEW**

Because the issue on appeal is one of statutory construction, we apply a de novo standard of review. Richards v. State, 288 So. 3d 574, 575 (Fla. 2020) ("Because the issue in this case ultimately turns on the interpretation of a statute, we review it de novo"). Further, the "question of whether a statute applies retroactively or prospectively is a pure question of law; thus, our standard of review is de novo." Dimitri v. Com. Ctr. of Miami Master Ass'n, Inc., 253 So. 3d 715, 718 (Fla. 3d DCA 2018) (quoting Bionetics Corp. v. Kenniasty, 69 So. 3d 943, 947 (Fla. 2011)).

**ANALYSIS AND DISCUSSION**

In this appeal we must determine whether an assignment of benefits is subject to the requirements of section 627.7152 (entitled "Assignment agreements") where it was executed after the statute's effective date but the corresponding insurance policy was in force prior to the effective date of the statute.

Section 627.7152 imposes certain requirements for an assignment of post-loss benefits under a property insurance policy in Florida, including, relevant to our discussion, that an assignment agreement must:

> Contain a written, itemized, per-unit cost estimate of the services to be performed by the assignee.

§ 627.7152(2)(a)4.

In addition, subsection (2)(c) provides:

(c) If an assignor acts under an urgent or emergency circumstance to protect property from damage and executes an assignment agreement to protect, repair, restore, or replace property or to mitigate against further damage to the property, an assignee may not receive an assignment of post-loss benefits under a residential property insurance policy in excess of the greater of $3,000 or 1 percent of the Coverage A limit under such policy. For purposes of this paragraph, the term "urgent or emergency circumstance" means a situation in which a loss to property, if not addressed immediately, will result in additional damage until measures are completed to prevent such damage. Finally, subsection (13) provides the effective date:

§ 627.7152(2)(c)

Finally, and most significant to our review, the Legislature provided, in the final subsection of the statute, express language regarding the statute's effective date:

(13) This section applies to **an assignment agreement** executed on or after July 1, 2019.

§ 627.7152(13) (emphasis added).

Thus, by its express terms, the statute applies to the instant assignment of benefits: it is undisputed that the assignment was executed after the statute's July 1, 2019, effective date.

Nevertheless, TRT contends that requiring this assignment to comply with the statute constitutes a retroactive application of the statute, because Santos' insurance policy went into effect on August 12, 2018, prior to the

5

effective date of the statute. For this argument, TRT relies on <u>Menendez v. Progressive Express Ins. Co.</u>, 35 So. 3d 873 (Fla. 2010), which held that an amendment to the PIP statute (adding a presuit notice requirement) could not be applied in a case involving an insurance policy issued before the effective date of the statutory amendment. In so holding, <u>Menendez</u> stated the general proposition that "the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." <u>Id.</u> at 876 (citations omitted). <u>Menendez</u>, however, is distinguishable, and does not support TRT's position that the instant statute is being applied retroactively to the assignment of benefits.

Section 627.7152 does not apply to an <u>insurance agreement</u> executed on or after July 1, 2019; rather it applies to an <u>assignment agreement</u> executed on or after July 1, 2019, without regard to when the underlying policy was executed. While TRT is correct that the insurance policy itself— a contract between Santos and Southern Oak, and not involving TRT— predated the effective date of the statute, the assignment of benefits agreement—between Santos and TRT—was executed on August 23, 2019, well after the July 1, 2019 effective date expressly provided by the Legislature.

6

In <u>Menendez</u>, the statutory amendment imposed a presuit notice requirement upon insurance policies which were in effect prior to the amendment, affecting pre-existing contractual rights between the insured and the insurer.  By contrast, TRT's contractual rights did not come into existence until the assignment of benefits agreement was executed, some seven weeks after the statute's effective date.  The date on which the insured and insurer executed the underlying insurance policy is irrelevant here, because section 627.7152 (unlike the statute in <u>Menendez</u>) does not impose requirements upon an existing insurance policy, but rather imposes requirements upon an assignment of benefits agreement entered into between an assignor and assignee after the effective date of the statute.

We reject TRT's argument that, because it stands in the shoes of the insureds, it is the date of execution of the underlying insurance policy that governs.  Section 627.7152 was not enacted to modify rights and duties as between the insured and insurer under a preexisting insurance policy; it was enacted "to regulate assignment agreements that seek to transfer insurance benefits from the policyholder to a third party."  <u>Total Care Restoration, LLC v. Citizens Prop. Ins. Corp.</u>, 337 So. 3d 74, 75-76 (Fla. 4th DCA 2022).

It must be kept in mind that the "agreement" addressed by section 627.7152 is not the insurance agreement between the insured and insurer,

7

but rather the post-loss assignment agreement between the insured/assignor and the third-party assignee. "A trial court applies a statute prospectively, not retroactively, to a contract where the statute preexisted the contract." Kidwell Grp., LLC v. Am. Integrity Ins. Co. of Fla., 347 So. 3d 501, 506 (Fla. 2d DCA 2022). Once the focus is properly placed on the agreement at issue (the assignment of benefits rather than the insurance policy), it becomes self-evident that the statute is being applied prospectively, not retroactively.

We are guided by this court's recent decision in Adjei v. First Cmty. Ins. Co., 47 Fla. L. Weekly D2116, 2022 WL 10733838 (Fla. 3d DCA Oct. 19, 2022). In that case, homeowners covered by an insurance policy sustained damage to their property following Hurricane Irma, and later assigned their post-loss benefits under that policy to their children. Although the insurance policy was in effect before the effective date of section 627.7152, the post-loss assignment agreement was executed three months after the statute's July 1, 2019 effective date.

The children-assignees later filed a breach of contract suit against the insurance company, and the insurance company moved to dismiss the suit, contending "the assignment was noncompliant because it omitted essential items [required by section 627.7152], including the assignees' signatures, a

rescission provision, a cost estimate, an indemnification clause, a boilerplate statutory notice provision, and language confirming that the assignees would furnish the insurer with a copy of the agreement within three business days after either execution or commencement of work." Id. at *2.[1]  The children-assignees countered, inter alia, that applying this statutory "checklist" to a post-loss assignment agreement, where the insurance policy was in effect before the statute's effective date, would result in an unconstitutional impairment of contract in violation of Article I, Section 10 of the United States Constitution.[2] The trial court dismissed the case and this court affirmed, holding in relevant part that the portion of section 627.7152 at issue

> merely regulates the contents of any assignment agreement by requiring the contracting parties to include certain language. Had the legislature wished to do so, it indubitably could have designated certain claims unassignable, prohibited a class of potential assignees from accepting an assignment, limited the circumstances under which an insured might legally assign a claim, or imposed any other substantively restrictive measures. Consequently, insofar as it merely requires the inclusion of certain words, we conclude the statute solely "affect[s] rights under the assignment of benefits, not substantive rights under

---

[1] Assignment agreements that fail to comply with the statutory requirements of section 627.7152 are "invalid and unenforceable." § 627.7152(2)(d), Fla. Stat.

[2] We note that no party to the instant appeal has raised the applicability of section 627.7153, Florida Statutes (2019).  See also Adjei v. First Community Ins. Co., 47 Fla. L. Weekly D2116, 2022 WL 10733838 at *1 n.1 (Fla. 3d DCA Oct. 19, 2022) ("We summarily reject the notion that section 627.7153, Florida Statutes (2019), which governs anti-assignment provisions in insurance policies, has any application to this case.")

9

the insurance policy." SFR Servs., LLC v. Indian Harbor Ins. Co., 529 F. Supp. 3d 1285, 1290 (M.D. Fla. 2021). Thus, applying the provisions to assignments executed after its effective date does not "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf [v. USI Film Prod.], 511 U.S. [244], at 280, 114 S.Ct. 1483.

We further note that our sister court, on relevant facts indistinguishable from the instant case, has held:

> This case does not involve the application of a statute to a preexisting insurance policy; it concerns a statute's application to an assignment created after the effective date of the statute. Thus, section 627.7152—the law in effect at the time the assignment of benefits was executed—was properly applied to the assignment in this case.

Total Care Restoration, 337 So. 3d at 77.

As in Adjei, the application of section 627.7152 to the instant assignment agreement—executed after the statute's effective date—does not constitute a retroactive application or unconstitutionally impair the parties' right to contract. Instead, and as observed in Total Care, the application of section 627.7152 to the assignment agreement is prospective. We note that two other district courts have adopted this analysis. See Kidwell Grp, LLC v. Olympus Ins. Co., 346 So. 3d 658 (Fla. 5th DCA 2022) (aligning with the Fourth District's decision in Total Care, holding that the trial court properly applied section 627.7152 prospectively to the assignment agreement, and that because the assignee failed to comply with section

10

627.7152 it never stepped into the insurer's shoes); Kidwell Grp., LLC, 347 So. 3d at 507 (the Second District, relying upon Total Care, held: "It seems beyond cavil that an assignee acquires no rights to an insured claim until it executes a valid AOB" and reaffirming that "the law in effect at the time the parties executed the AOB controls).[3]

## CONCLUSION

Consistent with this court's earlier decision in Adjei, as well as the related decisions of the Second, Fourth and Fifth District Courts of Appeal, we hold that the assignment of benefits agreement executed after July 1, 2019 was governed by section 627.7152 and did not constitute a retroactive application of the statute, even if the underlying insurance policy was in effect prior to July 1, 2019. As a result, because the assignment of benefits did not comply with the requirements of that statute, the trial court correctly

---

[3] But see Procraft Exteriors, Inc. v. Metro. Cas. Ins. Co., 29 Fla. L. Weekly Fed. D71, 2020 WL 5943845 (M.D. Fla. May 13, 2020) (holding section 627.7152 did not apply to an AOB issued after July 1, 2019 because the version of the statute in effect when the insurance policy was issued is the version that applies). We note that at the time the United States District Court issued its decision in Procraft, Florida appellate courts had yet to decide the question presented.

determined the assignment was invalid and properly dismissed TRT's suit against Southern Oak.[4]

Affirmed.

---

[4] TRT also argues the trial court erred in dismissing the case because it relied on matters outside the four corners of the complaint in doing so. However, attached to the complaint was the insurance policy, the assignment of benefits and the estimate of repairs dated three days later. The trial court properly considered these attachments in reaching its determination that the assignment of benefits failed to comply with the statute. See Santiago v. Mauna Loa Invs., LLC, 189 So. 3d 752, 756 (Fla. 2016) (holding that the "four-corners rule" allows a court to review not only the complaint, but also any exhibit attached thereto).