# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3381
LT Case No. 2022-CA-023277

_____

GARY SMITH and NADINE SMITH,

    Appellants,

    v.

UNIVERSAL PROPERTY and
CASUALTY INSURANCE COMPANY,

    Appellee.

_____

On appeal from the Circuit Court for Brevard County.
George T. Paulk, Judge.

Jeremy D. Bailie, of Weber, Crabb & Wein, P.A., St. Petersburg,
for Appellants.

David A. Noel, of Link & Rockenbach, PA, West Palm Beach, and
Dinah S. Stein, of Hicks, Porter, Ebenfeld & Stein, P.A., Miami,
for Appellee.

November 8, 2024

HARRIS, J.

Gary and Nadine Smith purchased a property insurance
policy from Universal Property and Casualty Insurance Company
("Universal"), which had an expiration date of June 1, 2021. When
the Smiths sustained damage to their property in November 2000,

they filed a claim with Universal. After Universal denied payment of the claim, the Smiths filed a lawsuit in April 2022. In July 2021, approximately nine months before the Smiths' lawsuit was filed, section 627.70152, Florida Statutes (2021), was enacted, requiring insureds to send a pre-suit notice of their intent to initiate litigation against an insurer. Relying upon the then recent opinion in *Cole v. Universal Property & Casualty Insurance Co.*, 363 So. 3d 1089 (Fla. 4th DCA 2023), which held that section 627.70152 applies retroactively, Universal moved for summary judgment below. The Smiths conceded that they did not serve a pre-suit notice upon Universal, but argued that the statutory requirement could not be applied retroactively to their claim. The trial court, relying on *Cole*, disagreed, found that section 627.70152 should be applied retroactively, and because the Smiths did not comply with the statute, the court granted Universal's motion for summary judgment. This appeal followed.

Approximately one month after the trial court's order below, the Sixth District Court of Appeal issued an opinion on the same issue, directly conflicting with the *Cole* decision. In *Hughes v. Universal Property & Casualty Insurance Co.*, 374 So. 3d 900 (Fla. 6th DCA 2023), the court found that the Legislature did not intend for retroactive application of the statute because it included "no statutory language calling for application of the statute to insurance policies issued before the statute's effective date." *Id.* at 906. The court noted that the statute's effective date of July 1, 2021 indicates legislative intent for the statute to apply beginning on that date. *Id.* (citing *Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass'n*, 67 So. 3d 187, 196 (Fla. 2011) ("We have noted that the Legislature's inclusion of an effective date for an amendment is considered to be evidence rebutting intent for retroactive application of a law.")). *Hughes* further noted that "the Legislature wrote section 627.70152 and included the effective date against the backdrop of the Florida Supreme Court's clear precedent mandating that courts look 'at the date the insurance policy was issued and not the date that the suit was filed.'" *Id.* (quoting *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 876 (Fla. 2010)).

Following the Sixth District's holding in *Hughes*, the Third District Court of Appeal held in *Cantens v. Certain Underwriters*

2

*at Lloyd's London*, 388 So. 3d 242 (Fla. 3d DCA 2024), that section 627.70152 is procedural in nature and applies to all insurance policies, regardless of the date of inception. Agreeing with the *Cole* decision, the Third District affirmed the dismissal of the insured's complaint and certified conflict with *Hughes*. Finally, the Second District Court of Appeal, in *Buis v. Universal Property & Casualty Insurance Co.*, 49 Fla. L. Weekly D1850 (Fla. 2d DCA Sept. 6, 2024), reversed the dismissal of an insured's complaint under section 627.70152, concluding that the statute should not be applied retroactively.

We adopt the rationale and reasoning of our sister courts from the Second and Sixth Districts and, for the reasons relied upon in these opinions, hold that it was error to apply section 627.70152 retroactively to the Smiths' policy in this case. We reverse the summary judgment entered below and remand for further proceedings. In so doing, we specifically reject the argument and rationale of the Third and Fourth Districts that the statute's application to "all suits" indicates clear legislative intent for retroactive application, and thus certify conflict with *Cantens v. Certain Underwriters at Lloyd's London*, 388 So. 3d 242 (Fla. 3d DCA 2024), and *Cole v. Universal Property & Casualty Insurance Co.*, 363 So. 3d 1089 (Fla. 4th DCA 2023).

REVERSED and REMANDED; CONFLICT CERTIFIED.

MAKAR, and WALLIS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____