# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1577

_____

MARY PRIEST,

 Appellant,

 v.

STATE FARM FLORIDA
INSURANCE COMPANY,

 Appellee.

_____

On appeal from the Circuit Court for Bradford County.
George Micah Wright, Judge.

May 20, 2026

PER CURIAM.

Appellant Mary Priest, a homeowner in Starke, Florida, entered into a homeowner's insurance policy with Appellee State Farm Florida Insurance Company ("State Farm"), which she renewed on January 6, 2021. Her property sustained wind and water damage a few months later, after which she filed a claim with State Farm for property damage. A dispute arose between Appellant and State Farm regarding coverage and the amount of the loss. Appellant then filed suit for breach of contract and declaratory relief. However, the trial court dismissed the case because Appellant did not first file a pre-suit notice of intent to initiate litigation. *See* § 627.70152(3)(a), Fla. Stat. (2021). Her insurance policy had already existed before this statutory pre-suit

notice requirement had come into effect. Since there is no clear legislative expression of retroactive intent, we conclude that the statutory pre-suit notice requirement does not apply to Appellant's policy and reverse.

Section 627.70152 was added to Chapter 627 of the Florida Statutes with an effective date of July 1, 2021. Chapter 2021-77, § 12, Laws of Fla. It reads as follows:

> As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131.

§ 627.70152(3)(a), Fla. Stat.

Subsection (1) of 627.70152 provides that it "applies exclusively to all suits arising under a residential or commercial property insurance policy . . . ." § 627.70152(1), Fla. Stat. State Farm interprets this language as saying the provision applies to all suits regardless of whether the policy was issued before or after its enactment, which would mean the provision was intended to apply retroactively. A conflict exists among the district courts of appeal regarding whether this provision applies retroactively.

The Fourth District held that section 627.70152 clearly expresses an intent of retroactive application. For the Fourth District, "all suits" includes "those [insurance contracts] already in existence at the time of the statute's effective date." *Cole v. Universal Prop. & Cas. Ins. Co.*, 363 So. 3d 1089, 1092 (Fla. 4th DCA 2023). Similarly, the Third District found that the phrase "all suits" was a clear expression of intent of retroactivity, since the phrase encompasses "all claims, regardless of when the policy was incepted." *Cantens v. Certain Underwriters at Lloyd's London*, 388 So. 3d 242, 245 (Fla. 3d DCA 2024).

2

On the contrary, the Sixth District concluded that section 627.70152 did not clearly express intent of retroactive application, because "all suits" is not sufficiently conclusive to demonstrate intent of retroactivity. *Hughes v. Universal Prop. & Cas. Ins. Co.*, 374 So. 3d 900, 906 (Fla. 6th DCA 2023), *review granted*, No. SC2024-0025, 2024 WL 1714497 (Fla. Apr. 22, 2024).* The phrase "all suits" could just as well refer to the category or class of suit governed by the provision rather than to the provision's temporal reach. *Id.*; *see also Buis v. Universal Prop. & Cas. Ins. Co.*, 394 So. 3d 738, 741-42 (Fla. 2d DCA 2024); *Smith v. Universal Prop. & Cas. Ins. Co.*, 396 So. 3d 860, 861 (Fla. 5th DCA 2024).

In addressing whether a statutory provision applies retroactively to an insurance policy entered into before the provision's enactment, "we look at the date the insurance policy was issued and not the date that the suit was filed or the accident occurred[.]" *Menendez v. Progressive Exp. Ins. Co., Inc.*, 35 So. 3d 873, 876 (Fla. 2010). A two-pronged test is utilized when determining whether a statutory provision is to apply retroactively: "First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles." *Id.* at 877 (citing *Metro. Dade Cnty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999)).

The first prong of the *Menendez* test requires us to determine the intent behind the phrase "all suits" in section 627.70152(1), which "may also include consideration of the language, structure, purpose, and legislative history of the enactment." *Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc.*, 67 So. 3d 187, 196-97 (Fla. 2011). The provision states that it applies to all suits "arising under a residential or commercial property insurance policy[.]" § 627.70152(1), Fla. Stat. Isolated from the context of the rest of the provision, "all suits" could appear to refer to any suit regardless of when the corresponding insurance policies were entered into. However, in its proper context, "all suits" works to

---

* This issue is currently pending before the Florida Supreme Court under its conflict jurisdiction.

3

highlight the category of suit governed by the provision, namely those that involve a residential or commercial policy. This is made even clearer from the word "exclusively" in the provision: "This section applies *exclusively* to all suits arising under a residential or commercial property insurance policy[.]" § 627.70152(1), Fla. Stat. (emphasis added). "Exclusively" functions as a limitation on what suits the provision governs. *Buis*, 394 So. 3d at 741 ("[A]n interpretation of the phrase 'all suits' as an expansive temporal indicator is one that disregards the contextual clue of use of the term 'exclusively' in the phrase 'exclusively to all suits.'"). When read in context, "all suits" does not clearly refer to "an expansive temporal indicator," but simply highlights the class of suits included under section 627.70152. *Id.*

The Legislature's choice of the word "suits" rather than "policies" as the operative noun further supports this reading. As noted above, *Menendez* requires courts to look at the date the policy was issued, not the date the suit was filed, when assessing retroactivity in the insurance context. 35 So. 3d at 876. The Legislature is presumed to know this rule. *Potter v. Potter*, 317 So. 3d 255, 258 (Fla. 1st DCA 2021) ("[T]he Legislature is presumed to be cognizant of relevant judicial decisions when enacting statutes."). If it had intended the statute to reach policies already in existence at the time of enactment, the natural way to express that intent would have been to reference "policies," as it did in the closely related section 627.7152, which expressly limits its application to policies "issued on or after" specified dates. § 627.7152(2)(a)1., Fla. Stat. (2022); § 627.7152(13), Fla. Stat. (2022). However, the Legislature did not choose this route.

Additionally, when a statutory provision has an effective date, this would be "considered . . . evidence rebutting intent for retroactive application of a law." *Devon*, 67 So. 3d at 196. Here, the provision at issue had an effective date of July 1, 2021. Without a clear expression in favor of retroactivity, the effective date of a statutory provision serves as more evidence against legislative intent of retroactive application. *Id.*; *see also Smith v. Universal Prop. & Cas. Ins. Co.*, 396 So. 3d 860, 861 (Fla. 5th DCA 2024).

State Farm points to the legislative history, noting that an earlier draft of the statute in House Bill 305 contained express

4

prospectivity language limiting its application to policies "issued or renewed on or after July 1, 2021," which was not carried forward into the enacted Senate Bill 76. However, the removal of draft language during the legislative process does not supply the clear expression of retroactive intent that the first prong demands. As the Florida Supreme Court observed in *Devon*, the "absence of a statement in the act that the amendments are inapplicable to existing contracts does not constitute clear evidence of retroactive intent." 67 So. 3d at 197. Bills are revised for many reasons during the legislative process, and treating the deletion of prospectivity language as an affirmative expression of retroactive intent would invert the presumption against retroactivity into a presumption favoring it. *Metro. Dade Cnty.*, 737 So. 2d at 500 (noting that the presumption against retroactivity is the default rule of statutory construction); *Devon*, 67 So. 3d at 195 (stating that the "presumption against retroactive application is a well-established rule of statutory construction that is appropriate in the absence of an express statement of legislative intent . . . .").

Because of the structure of the provision in question here—the context surrounding the phrase "all suits," the existence of an effective date, and the Legislature's choice of "suits" rather than "policies" as the operative noun—section 627.70152 does not contain evidence clearly expressing any legislative intent of retroactive application. Because this provision fails the first prong of the retroactivity test, "we need not and should not determine whether retroactive application of the statutory provision[] at issue passes constitutional muster." *Hughes*, 374 So. 3d at 913 (White, J., concurring). Consequently, section 627.70152 does not govern Appellant's insurance policy, and so we find that she was not bound by the pre-suit notice requirement.

We certify conflict with *Cantens v. Certain Underwriters at Lloyd's London*, 388 So. 3d 242 (Fla. 3d DCA 2024), and *Cole v. Universal Property & Casualty Insurance Co.*, 363 So. 3d 1089 (Fla. 4th DCA 2023).

REVERSED and REMANDED; CONFLICT CERTIFIED.

LEWIS and NEFF, JJ., concur; WINOKUR, J., specially concurs with opinion.

5

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

WINOKUR, J., specially concurring.

I agree that section 627.70152(1) contains no language suggesting that its requirements apply retroactively, that is, to actions involving policies executed prior to the effective date of the statute. Accordingly, I agree that State Farm has failed to overcome the "general rule . . . that in the absence of legislative intent to the contrary, a law affecting substantive rights, liabilities and duties is presumed to apply prospectively," *Metro. Dade Cnty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999).

But even if we conclude that section 627.70152(1) contains no language indicating that the statute should be applied retroactively, I do not find that we are precluded from considering the constitutionality of retroactive application. This is particularly the case when, as here, the party advocating retroactive application makes plausible argument that the statute does in fact state that it should be applied retroactively. In this respect, we need to do nothing more than adopt the reasoning of the court in *Hughes v. Universal Property & Casualty Insurance Company*, 374 So.3d 900 (Fla. 6th DCA 2023).

In summary, while the statute contains no language indicating that it should be applied retroactively, even if it did, I would find that retroactive application is unconstitutional, in accordance with the reasoning in *Hughes*.

Kevin George of Kuhn Raslavich, P.A., Tampa, and Gray Proctor of Gray Proctor, Somerville, New Jersey, for Appellant.

6

Kara Kennedy Byrnes of Kubicki Draper, Jacksonville, Christopher Ryan Jones of Traub Lieberman, St. Petersburg, Chris DelBene of Kubicki Draper, Jacksonville, Brandon Robert Christian of Foley & Lardner LLP, Tampa, David Thayer Burr of Traub Lieberman, St. Petersburg, and Matthew Alexander Taylor of the Department of Environmental Protection, Tallahassee, for Appellee.