DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERMAN COLE,**
Appellant,

v.

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D22-1054

[May 3, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John Bowman, Judge; L.T. Case No. CACE 21-015167.

Margaret E. Garner and Chad Weatherstone of Katranis, Wald & Garner, PLLC, Fort Lauderdale, for appellant.

Dinah S. Stein of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, for appellee.

LEVINE, J.

Appellant filed suit against his homeowner's insurance company, appellee, for breach of contract. The month before appellant filed suit, the legislature enacted section 627.70152, Florida Statutes (2021), which included a required presuit notice of intent to litigate as a condition precedent to filing suit. The trial court dismissed the suit without prejudice due to appellant's failure to comply with the newly enacted presuit requirements.

Appellant claims the trial court erred and the new presuit notice requirements should not apply retroactively since they specifically impair his substantive rights. We find the trial court did not err and correctly determined that requiring enforcement of the legislatively enacted presuit notice requirements did not impair appellant's substantive rights. As such, we affirm.

Appellant had a homeowner's insurance policy with appellee. In November 2020, appellant sustained damage to his property and submitted a claim to appellee under his existing insurance policy. In

August 2021, appellant filed suit against appellee for breach of contract. After appellant submitted his claim, but before appellant filed suit, the legislature enacted section 627.70152, Florida Statutes, with an effective date of July 1, 2021. The newly enacted statute required presuit notice of intent to initiate litigation as a condition precedent to filing suit. Appellant failed to provide the newly required presuit notice of intent to litigate.

Appellee moved to dismiss the complaint due to appellant's failure comply with the presuit notice requirements. Appellant argued by analogy that this case was like *Menendez v. Progressive Express Insurance Co.*, 35 So. 3d 873 (Fla. 2010), which involved an amendment to a different statutory scheme—the PIP statute—while appellee argued that *Menendez* was distinguishable. *Menendez* held that the entire amendment to the PIP statute, which in part included a statutory presuit notice requirement, was a substantive change that could not be applied retroactively to policies issued before the amendment's effective date.

The trial court granted the motion to dismiss without prejudice due to appellant's failure to comply with the presuit requirements of section 627.70152. The trial court found that *Menendez* was "distinguishable and section 627.70152 is clear on its face." The trial court dismissed the complaint and directed the clerk to close the file. Appellant moved for rehearing, and the trial court denied the motion.

"The question of whether a statute applies retroactively or prospectively is a pure question of law; thus, our standard of review is de novo." *Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 947 (Fla. 2011). We also review de novo a trial court's ruling on a motion to dismiss. *See Mark E. Pomper, M.D., P.A. v. Ferraro*, 206 So. 3d 728, 731 (Fla. 4th DCA 2016).

The "general rule is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively." *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 61 (Fla. 1995). "[S]ubstantive law prescribes duties and rights" as opposed to procedural law which concerns itself with "the means and methods to apply and enforce those duties and rights." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1358 (Fla. 1994); *see also Haven Fed. Sav. & Loan Ass'n v. Kirian*, 579 So. 2d 730, 732 (Fla. 1991) (stating that procedure "encompass[es] the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion") (citation omitted); *Village of El Portal v. City of Miami Shores*, 362 So. 2d 275, 278 (Fla. 1978) ("[P]rocedural statutes do not fall within the constitutional prohibition against retroactive legislation and they may be

held immediately applicable to pending cases."); *Smiley v. State*, 966 So. 2d 330, 334 (Fla. 2007) (stating that procedural statutes "should be applied to pending cases in order to fully effectuate the legislation's intended purpose") (citation omitted).

The issue we confront in this case is whether the statute enacted by the legislature would apply retroactively to policies in existence prior to the statute's effective date. A two-part test applies in determining whether a statute enacted after the issuance of an insurance policy applies retroactively. *Menendez*, 35 So. 3d at 877. "First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles." *Id.* Specifically, as to the second part of this test, we focus on "whether retroactive application of the statute 'attaches new legal consequences to events completed before its enactment.'" *Id.* (quoting *Metro. Dade County v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999)).

Appellant argues that the statute would not apply since it would be a retroactive application to a previously issued insurance policy already in existence. Based upon application of the two-part test annunciated in *Menendez*, we disagree.

The legislature enacted section 627.70152 with an effective date of July 1, 2021. Ch. 2021-77, § 12, Laws of Florida. The statute begins by stating: "This section applies exclusively to all suits . . . arising under a residential or commercial property insurance policy . . . ." § 627.70152(1), Fla. Stat. (2021). Significant to the issue on appeal, the statute imposes a presuit notice requirement as a condition precedent to filing suit:

> As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department [Florida's Department of Financial Services] with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. . . .

§ 627.70152(3)(a), Fla. Stat. (2021). The presuit notice must contain the following information:

> 1. That the notice is provided pursuant to this section.

2. The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.

3. If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.

4. If the notice is provided following a denial of coverage, an estimate of damages, if known.

5. If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:

a. The presuit settlement demand, which must itemize the damages, attorney fees, and costs.

b. The disputed amount.

*Id.*

An insurer has 10 business days to respond to the notice. § 627.70152(4), Fla. Stat. (2021). If the insurer is responding to a notice served following a denial of coverage, the insurer must accept coverage, continue to deny coverage, or assert the right to reinspect the damaged property. § 627.70152(4)(a), Fla. Stat. (2021). If the insurer elects to reinspect the damaged property, it has 14 business days to reinspect the property and accept or continue to deny coverage. *Id.* If the insurer is responding to a notice "alleging an act or omission by the insurer other than a denial of coverage, the insurer must respond by making a settlement offer or requiring the claimant to participate in appraisal or another method of alternative dispute resolution." § 627.70152(4)(b), Fla. Stat. (2021). The appraisal or alternative dispute resolution must be completed within 90 days after the expiration of the 10-day notice of intent to initiate litigation. *Id.*

Also significant to the issue on appeal, the failure of a claimant to comply with the notice provisions results in dismissal without prejudice: "A court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required by this section . . . ." § 627.70152(5), Fla. Stat. (2021).

Additionally, the statute provides a formula for the calculation of attorney's fees based on the amount obtained by the claimant and the presuit settlement offer. § 627.70152(8), Fla. Stat. (2021). The statute

4

also provides that "if a court dismisses a claimant's suit pursuant to subsection (5) [failure to comply with presuit notice], the court may not award to the claimant any incurred attorney fees for services rendered before the dismissal of the suit." *Id.*

We find that the trial court did not err in dismissing appellant's complaint for failure to comply with the presuit notice requirements of section 627.70152(3). In section 627.70152, the legislature expressed a clear intent for the statute to apply retroactively. The statute, which went into effect on July 1, 2021, stated that this statute "applies exclusively to *all suits* . . . arising under a residential or commercial property insurance policy . . . ." § 627.70152(1), Fla. Stat. (2021) (emphasis added). Thus, the statute applies to all suits.

The statute goes further and provides that "[a]s a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department." § 627.70152(3)(a), Fla. Stat. Thus, it also applies to all policies, including those already in existence at the time of the statute's effective date. If the legislature had intended to limit this presuit notice provision to policies issued after the statute's effective date, the legislature would have included language stating so.

In this case, the trial court correctly found that this presuit notice requirement was retroactive and procedural in nature and that it did not affect any substantive rights. Appellant's rights and obligations are unchanged by the addition of the presuit notice provision in section 627.70152. The notice provision is simply part of the "course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion." *Kirian*, 579 So. 2d at 732 (citation omitted); *see also Art Deco 1924 Inc. v. Scottsdale Ins. Co.*, No. 21-62212-CIV, 2022 WL 706708 (S.D. Fla. Mar. 9, 2022) (finding that section 627.70152 was procedural and therefore applied retroactively).

Appellant complains about a litany of notification requirements, all of which merely add up to provisions related to process and procedure. Appellant complains about the presuit notification provisions in section 627.70152(3), Florida Statutes (2021). Additionally, appellant complains that the insurer must respond within 10 business days. § 627.7152(4), Fla. Stat. (2021). If requested, the insurer is afforded 14 business days to reinspect the property. § 627.70152(4)(a), Fla. Stat. (2021). If the insurer requests appraisal or alternate dispute resolution, the insurer is afforded an additional 90 days. § 627.70152(4)(b), Fla. Stat. (2021). None of these

procedural provisions limits the potential recovery or remedy in any way.

Appellant also points to the subsection that modifies the attorney's fees statutory provision, section 627.70152(8), Florida Statutes (2021).[1] Before the enactment of this statute, section 627.428(1), Florida Statutes (2020), provided for an award of reasonable attorney's fees following a judgment against the insurer and in favor of the insured. Appellant argues that because 627.70152(8) changed the manner attorney's fees are awarded, the statute in its entirety impairs substantive rights.

Although "the statutory right to attorneys' fees is not a procedural right,

---

[1] Section 627.7052(8), Florida Statutes (2021), provides:

> (8) Attorney fees.—
>
> (a) In a suit arising under a residential or commercial property insurance policy not brought by an assignee, the amount of reasonable attorney fees and costs under s. 626.9373(1) or s. 627.428(1) shall be calculated and awarded as follows:
>
> 1. If the difference between the amount obtained by the claimant and the presuit settlement offer, excluding reasonable attorney fees and costs, is less than 20 percent of the disputed amount, each party pays its own attorney fees and costs and a claimant may not be awarded attorney fees under s. 626.9373(1) or s. 627.428(1).
>
> 2. If the difference between the amount obtained by the claimant and the presuit settlement offer, excluding reasonable attorney fees and costs, is at least 20 percent but less than 50 percent of the disputed amount, the insurer pays the claimant's attorney fees and costs under s. 626.9373(1) or s. 627.428(1) equal to the percentage of the disputed amount obtained times the total attorney fees and costs.
>
> 3. If the difference between the amount obtained by the claimant and the presuit settlement offer, excluding reasonable attorney fees and costs, is at least 50 percent of the disputed amount, the insurer pays the claimant's full attorney fees and costs under s. 626.9373(1) or s. 627.428(1).
>
> (b) In a suit arising under a residential or commercial property insurance policy not brought by an assignee, if a court dismisses a claimant's suit pursuant to subsection (5), the court may not award to the claimant any incurred attorney fees for services rendered before the dismissal of the suit.

but rather a substantive right," in this case subsection (8) is not implicated at all. *Menendez*, 35 So. 3d at 878. The trial court dismissed the case for failure to comply with the presuit notice requirement of subsection (3). The trial court did not make any determinations related to subsection (8). Thus, changes to the attorney's fees provision are not an issue in this case, and as such, not relevant to our determination.[2] *Cf. Water Damage Express, LLC v. First Protective Ins. Co.*, 336 So. 3d 310, 312-13 (Fla. 4th DCA 2022) (considering issue of retroactive application of attorney's fees provision under section 627.7152(10) where trial court's order struck appellant's motion for attorney's fees).

Even if attorney's fees were at issue, simply because the right to attorney's fees in subsection (8) is substantive and not able to be applied retroactively does not mean that the presuit notice provision in subsection (3) is not able to be applied retroactively. One provision that is substantive in scope does not act as a bar to enforcement of another provision that is able to be applied retroactively. *See Lawnwood Med. Ctr., Inc. v. Seeger*, 990 So. 2d 503, 518 (Fla. 2008) (noting that provisions of a statute declared unconstitutional may be severed); *Leapai v. Milton*, 595 So. 2d 12, 15 (Fla. 1992) (finding procedural aspects of another statute "severable from the language creating the substantive right to attorney fees and costs").

Appellant relies on *Menendez* in arguing that the statute is substantive and cannot be applied retroactively. As previously noted, *Menendez* found that the statutory amendment to the PIP statute, which created several "problematic provisions," including changes that implicated attorney's fees, could not be retroactively applied to insurance policies issued before the amendment's effective date. 35 So. 3d at 878. Within that particular amendment was the creation of a presuit notice requirement. *Menendez* is distinguishable because *Menendez* confined its examination to one particular subsection—627.736(11)—which contained all of the "problematic" substantive changes—those which "(1) impose a penalty, (2) implicate attorneys' fees, (3) grant an insurer additional time to pay benefits, and (4) delay the insured's right to institute a cause of action." *Id.* In contrast, section 627.70152(3) does not contain any of the same problematic characteristics, but requires only a perfunctory presuit notice requirement. Significantly, subsection (3) does not even create any substantive "delay" in filing suit. Additionally, the PIP presuit provision at issue in *Menendez* involved a fundamentally different statutory

---

[2] During the pendency of this appeal, the legislature deleted the entire subsection (8) provisions relating to attorney's fees, effective December 16, 2022. Ch. 2022-271, § 17, Laws of Florida.

framework, which includes "swift and virtually automatic" right of the insured to recovery. *Id.* at 877. Further, the purpose of the PIP statute set forth in Florida's Motor Vehicle No-Fault Law is to "provide for medical, surgical, funeral, and disability insurance benefits without regard to fault, and to require motor vehicle insurance securing such benefits." *Id.* at 876-87 (quoting § 627.731, Fla. Stat. (2006)). The same considerations are not implicated in the instant statute.

In summary, because the presuit notice requirement of section 627.70152 applies retroactively as a procedural provision, it applies to existing policies in effect at the time of enactment. Thus, we affirm.

*Affirmed.*

KLINGENSMITH, C.J., and DAMOORGIAN, J., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***